UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

ANNE ARMSTRONG, et al.,                      )
                                             )
        Plaintiffs,                          )
                                             )        Case Number: 6:15-cv-00294-WSS
-vs-                                         )
                                             )
                                             )
CURVES INTERNATIONAL, INC., et al.,          )
                                             )
        Defendants.                          )

## AMENDED COMPLAINT

Come now Plaintiffs and for their causes of action against Defendants state as follows:

## Introduction

1. Curves International, Inc. was incorporated in the State of Texas in October of 1995 with its principal place of business in Waco, Texas.

2. Curves International, Inc. began offering Curves/Curves for Women franchises in October of 1995.

3. Curves International, Inc.'s predecessor was Curves for Women Inc., which is a Texas corporation incorporated in August of 1992.

4. Curves for Women, Inc. began the development of procedures and systems which were used to form the foundation of Curves International, Inc.

5. Curves for Women, Inc. owned and operated two aerobic and weight loss centers in Texas from August of 1992 to October of 1995.

6. Curves for Women, Inc. is no longer active.

7. Curves International, Inc. is a franchisor of thirty-minute fitness and weight loss centers to various individuals and businesses using the "Curves for Women" trade name,

trademark and system of operating procedures.

8. Curves International, Inc. sells Curves for Women fitness centers, known as Curves, throughout the United States and internationally.  To date, Curves has approximately 6,000 franchises worldwide.

9. Curves International Holdings, Inc. is a Texas corporation formed on June 29, 2012 and acquired 100% interest in Curves International, Inc.

10. That Defendant Howard Gary Heavin is the founder of Curves International, Inc. and is a citizen and resident of the State of Texas.

11. That Defendants Curves International, Inc., Curves International Holdings, Inc., and Howard Gary Heavin are hereinafter collectively referred to as "Curves."

12. Curves International, Inc. continues to grant franchises in the fitness and weight loss industry.

13. All Plaintiffs are and/or were franchisees of Curves.

## PARTIES

14. Plaintiffs Anne and Delbert Armstrong are citizens and residents of the State of Alabama.  Plaintiffs Anne and Delbert Armstrong executed a franchise agreement with Curves on January 30th, 2013.  Plaintiffs Anne and Delbert Armstrong's Curves franchise was located in the Daphne, Alabama area.  Plaintiffs Anne and Delbert Armstrong assigned the franchise agreement to Plaintiff, A2D Enterprises, LLC, an Alabama Limited Liability Company.  Plaintiff A2D Enterprises, LLC closed its Daphne, Alabama Curves franchise on or around June 27th, 2014.

15. Plaintiff BeverlyRuth, LLC is a California Limited Liability Company.  Plaintiff BeverlyRuth, LLC executed a franchise agreement with Curves on May 20th, 2009 by

and through Plaintiffs, Beverly Barcus and Kent Barcus.  Plaintiff BeverlyRuth, LLC's Curves franchise was located in the Pittsburgh, California area.   Plaintiff BeverlyRuth, LLC closed its Pittsburgh, California franchise on or around December 15th, 2012.

16. Dolores Cooney (formerly Dolores Beidel) is a citizen and resident of the State of Nevada.   Dolores Cooney's partner, Christina Beidel, is a citizen and resident of the State of Wisconsin.   Dolores Cooney executed a franchise agreement with Curves on July 2, 1999 for a Curves franchise located in the Wausau, Wisconsin area.  Dolores Cooney assigned the Wausau franchise agreement to Plaintiff, Women's Fitness of Wausau, Inc., a Wisconsin corporation, on December 30th, 2002.  That upon information and belief, Plaintiff Women's Fitness of Wausau, Inc. renewed the Wausau franchise agreement in or around July of 2009 and again on September 11th, 2014.  Dolores Cooney executed a franchise agreement with Curves on December 5th, 2001 for a Curves franchise located in the Boulder City, Nevada area.   Dolores Cooney assigned the Boulder City franchise agreement to Plaintiff, Women's Fitness of Wausau, Inc., a Wisconsin corporation on December 30th, 2002.  That Plaintiff Women's Fitness of Wausau, Inc. closed the Boulder City, Nevada Curves franchise on May 31st, 2012.  Dolores Cooney executed a franchise agreement with Curves in 2003 for a Curves franchise located in the Marathon, Wisconsin area.  Dolores Cooney assigned the Marathon, Wisconsin franchise agreement to Plaintiff, Women's Fitness of Wausau, Inc., a Wisconsin corporation.

17. Plaintiff Gail Berquist is a citizen and resident of the State of Florida.  Plaintiff Gail Berquist executed a franchise agreement with Curves on January 25th, 2008 for the Golden Gate Estates, Florida area. That upon information and belief, Plaintiff Gail

Berquist assigned the Golden Gate Estates, Florida area franchise agreement to Plaintiff, GB Fitness, LLC, a Florida Limited Liability Company.  Plaintiff GB Fitness, LLC ceased operation of the Golden Gate Estates, Florida area Curves franchise on or around January 25th, 2013.  Plaintiff Gail Berquist executed a franchise agreement with Curves on September 25th, 2009 for the Naples, Florida - Central area. That upon information and belief, Plaintiff Gail Berquist assigned the Naples, Florida-Central area franchise agreement to Plaintiff, GB Fitness, LLC, a Florida Limited Liability Company.  Plaintiff GB Fitness, LLC ceased operations of the Naples, Florida - Central area Curves franchise on or around August 31st, 2014.

18. Plaintiff Carla Birch is a citizen and resident of the State of Georgia.  Plaintiff Carla Birch executed a franchise agreement with Curves on December 19th, 2007.  Plaintiff Carla Birch's Curves franchise was located in Warner Robins, Georgia – East area. Plaintiff Carla Birch renewed her franchise agreement on December 19th, 2007. Plaintiff Carla Birch ceased operations of the Warner Robins, Georgia – East area Curves franchise on or around December of 2014.

19. Plaintiff Racheal Blackmore is a citizen and resident of the State of Michigan.  Plaintiff Racheal Blackmore executed a franchise agreement with Curves on or around February 26th, 2010.  Plaintiff Racheal Blackmore's Curves franchise was located in the Saline, Michigan area.   Upon information and belief, Plaintiff Rachel Blackmore assigned the Saline, Michigan area Curves franchise to Plaintiff, One Candle, LLC, a Michigan Limited Liability Company.  Plaintiff Racheal Blackmore sold her Saline, Michigan franchise on or around October 12th, 2013.  Plaintiff One Candle, LLC executed a franchise agreement with Curves on or around November 22nd, 2011.  Plaintiff One

Candle, LLC's Curves franchise was located in the Holland, Michigan area. Plaintiff One Candles, LLC ceased operations of the Holland, Michigan area Curves franchise on or around April 1st, 2014.

20. Plaintiff Jacqueline Blanton is a citizen and resident of the State of Texas. Plaintiff Phyllis Duhe is a citizen and resident of the State of Louisiana. Plaintiffs Jacqueline Blanton and Phyllis Duhe executed a franchise agreement with Curves on or around October 3rd, 2013. Plaintiffs Jacqueline Blanton and Phyllis Duhe's Curves franchise was located in the La Place, Louisiana area. That upon information and belief, Plaintiffs Jacqueline Blanton and Phyllis Duhe assigned the La Place, Louisiana area Curves franchise to Plaintiff, Ultimate Blessings, LLC. Plaintiffs Ultimate Blessings, LLC ceased operations of the La Place, Louisiana area Curves franchise on or around December 4th, 2014.

21. Plaintiff Hi Heels, LLC is a Louisiana Limited Liability Company. Plaintiff Hi Heels, LLC executed a franchise agreement with Curves on or around March 4th, 2002. Plaintiff Hi Heels, LLC's Curves franchise was located in the Lafayette, Louisiana – North area. Plaintiff Hi Heels, LLC ceased operations of the Lafayette, Louisiana – North area Curves franchise in March of 2012. Plaintiff Kerrie Chatelain is a citizen and resident of the State of Louisiana. Plaintiff Kerrie Chatelain executed a franchise agreement with Curves on or around March of 2004. Plaintiff Kerrie Chatelain's Curves franchise was located in the Lafayette, Louisiana – South area. Plaintiff Kerrie Chatelain ceased operations of the Lafayette, Louisiana – South area Curves franchise in March of 2014.

22. Plaintiff Darlene (Jackie) Clary is a citizen and resident of the State of New York.

Plaintiff Darlene (Jackie) Clary executed a franchise agreement with Curves on or around January 9th, 2012.  Plaintiff Darlene (Jackie) Clary's Curves franchise is located in the Camillus, New York area.  Upon information and belief, Plaintiff Darlene (Jackie) Clary assigned her franchise agreement to Plaintiff, Dar Jac, LLC, a New York Limited Liability Company.

23. Plaintiff Teresa Collier is a citizen and resident of the State of South Carolina.  Plaintiff Teresa Collier executed a franchise agreement with Curves on or around November 1st, 2004.  Plaintiff Teresa Collier's Curves franchise was located in the Spartanburg, South Carolina – West area.  Plaintiff Teresa Collier ceased operations of the Spartanburg, South Carolina – West area Curves franchise on or around April 10th, 2014.  Plaintiff Teresa Collier executed a franchise agreement with Curves on or around April 14th, 2005.  Plaintiff Teresa Collier's Curves franchise was located in the Duncan, South Carolina – East area.  Plaintiff Teresa Collier ceased operations of the Duncan, South Carolina – East area Curves franchise on or around April 10th, 2014.

24. Plaintiffs Clesta and Roger Collins are a citizens and residents of the State of Texas. Plaintiffs Clesta and Roger Collins executed a franchise agreement with Curves on or around August 6th, 2004.  Plaintiffs Clesta and Roger Collins' Curves franchise was located in the Borger, Texas area.  Plaintiffs Clesta and Roger Collins sold the Borger, Texas area Curves franchise on or around January 28th, 2013.

25. Plaintiffs Zachary and Tiffany Collins are citizens and residents of the State of Texas. Plaintiffs Zachary and Tiffany Collins executed a franchise agreement with Curves on or around January 30th, 2013.  Plaintiffs Zachary and Tiffany Collins' Curves franchise is located in the Borger, Texas area.

26. Plaintiffs Denise Cooke and Alan Cooke are residents and citizens of the State of Missouri.  Plaintiff Denise Cooke executed a franchise agreement with Curves on or around June 20th, 2001.  Plaintiff Denise Cooke's Curves franchise was located in the Ellisville, Missouri area.  Plaintiff, Be Strong, LLC, a Missouri Limited Liability Corporation, executed a franchise agreement with Curves in 2011.  Plaintiff Be Strong, LLC's Curves franchise was located in the Ellisville, Missouri area.  Plaintiff Be Strong, LLC ceased operations of the Ellisville, Missouri area Curves franchise on or around June 20th, 2014.

27. Natalie Cooper-Berthe is a citizen and resident of the State of Washington, D.C.  Natalie Cooper-Berthe executed a franchise agreement with Curves on or around October 21st, 2002.  Natalie Cooper-Berthe's Curves franchise was located in the Washington, DC – Manor/Takoma Park, Maryland area.  Natalie Cooper-Berthe assigned the Washington, DC-Manor/Takoma Park, Maryland area Curves franchise agreement to Plaintiff, Body Design, Inc., a Maryland corporation on or around June 10th, 2005.  Plaintiff Body Design, Inc. ceased operations of the Washington, DC-Manor/Takoma Park, Maryland area Curves franchise on or around December 31st, 2012.

28. Plaintiff Lee Lynn Lifestyles, LLC in a Utah Limited Liability Compay.  Plaintiff Lee Lynn Lifestyles, LLC executed a franchise agreement on or around June 30th, 2011 by and through Plaintiffs, Carol Coy and Jo Lynn Nelson.  Plaintiff Lee Lynn Lifestyles, LLC's Curves franchise is located in the Murray, Utah area.  Plaintiff Lee Lynn Lifestyles, LLC executed a franchise agreement on or around August 30th, 2011.  Plaintiff Lee Lynn Lifestyles, LLC's Curves franchise was located in the Taylorsville, Utah area.  Plaintiff Lee Lynn Lifestyles, LLC gave away its Taylorsville, Utah area

Curves franchise in or around January of 2015.

29. Amy Draper is a citizen and resident of the State of Virginia.   Amy Draper executed a franchise agreement with Curves on or around April 16th, 2010.  Amy Draper's Curves franchise was located in the Aylett, Virginia area.  Amy Draper assigned the Aylett, Virginia area Curves franchise to Plaintiff AB Draper, LLC, a Virginia limited liability company, on or around May 25th, 2010.  Plaintiff AB Draper, LLC ceased operations of the Aylett, Virginia area Curves franchise on or around January 24th, 2015.

30. Plaintiff Denise Edmiston is a citizen and resident of the State of California.  Plaintiff Denise Edmiston executed a franchise agreement on or around January 3rd, 2006.  Plaintiff Denise Edmiston's Curves franchise is located in the Idyllwild, California area.  Plaintiff Denise Edmiston renewed her Idyllwild, California franchise agreement on or around December 13th, 2010.

31. Plaintiff Megan Edwards is a citizen and resident of the State of California.  Plaintiff Megan Edwards executed a franchise agreement on or around February 28th, 2012.  Plaintiff Megan Edwards's Curve franchise was located in the Ojai/Oak View, California area.  Plaintiff Megan Edwards assigned the Ojai/Oak View, California area Curves franchise agreement to Plaintiff Saintfield, LLC, a California Limited Liability Company, on or around April 20th, 2012.  Plaintiff Saintfield, LLC ceased operations of the Ojai/Oak View, California area Curves franchise on or around August 31st, 2014.

32. Susan Espy is a citizen and resident of the State of California.  Susan Espy executed a franchise agreement with Curves on or around May 4th, 2009.  Susan Espy's Curves franchise was located in the Antioch, California – West area.  Susan Espy assigned the Antioch, California – West area Curves franchise agreement to Plaintiff Gypse, LLC, a

California Limited Liability Company, on or around May 18th, 2009.  Plaintiff Gypse, LLC ceased operations of the Antioch, California – West area Curves franchise on or around May 3rd, 2014.

33. Plaintiff Executive Accounting & Tax Service, Ltd. is a Ohio Limited Liabilty Company.  Plaintiff Executive Accounting & Tax Service, Ltd. executed a franchise agreement with Curves on or around August 4th, 2010 by and through Plaintiff Maureen Flanigan Korzinski.  Plaintiff Executive Accounting & Tax Service, Ltd.'s Curves franchise was location in the Palm Coast, Florida area.  Plaintiff Executive Accounting & Tax Service, Ltd. ceased operations of the Palm Coast, Florida area Curves franchise in or around February of 2014.

34. Susan Fogg is a citizen and resident of the State of Virginia.  Susan Fogg executed a franchise agreement with Curves on or around October 19th, 2009.  Susan Fogg's Curves franchise was located in the Tappahannock, Virginia area.  Susan Fogg assigned the Tappahannock, Virginia area Curves franchise agreement to Plaintiff Rivah Fit Corporation, a Virginia corporation, on or around January 14th, 2010.  Plaintiff Rivah Fit Corporation ceased operations of the Tappahannock, Virginia area Curves franchise on or around October 18th, 2014.

35. Plaintiff K&M Fitness, LLC is a Utah Limited Liability Company.  Plaintiff K&M Fitness, LLC executed a franchise agreement with Curves on or around September 14th, 2011 by and through Plaintiffs Matthew Ford and Kristen Stoddard.  Plaintiff K&M Fitness, LLC's Curves franchise is located in the Salt Lake City, Utah – Sugarhouse area.

36. Plaintiff Diva Deb, Inc. is an Illinois corporation.  Plaintiff Diva Deb, Inc. executed a

franchise agreement with Curves on or around November 2nd, 2011 by and through Plaintiff Debra Freedland.  Plaintiff Diva Deb, Inc.'s Curves franchise was located in the Roselle, Illinois area.  Plaintiff Diva Deb, Inc. ceased operations of the Roselle, Illinois area Curves franchise on or around February 28th, 2014.

37. Plaintiff Cathy Frost is a citizen and resident of the State of Connecticut.  Plaintiff Cathy Frost executed a franchise agreement with Curves on or around May 14th, 2002. Plaintiff Cathy Frost's Curves franchise was located in the Natick, Massachusetts area. Upon information and belief, Plaintiff Cathy Frost assigned the Natick, Masachusetts area Curves franchise to Plaintiff, Frost Enteprises IV.  Plaintiff Frost Enterprises, IV sold the Natick, Massachusetts area Curves franchise on or around March 14th, 2011. Plaintiff Cathy Frost executed a franchise agreement with Curves on or around December 29th, 2006.  Plaintiff Cathy Frost's Curves franchise was located in the Needham, Massachusetts area.  That upon information and belief, Plaintiff Cathy Frost assigned the Needham, Massachusetts area Curves franchise to Plaintiff, Frost Enterprises V, LLC.  Plaintiff Frost Enterprises V, LLC sold the Needham, Massachusetts area Curves franchise on or around August 20th, 2013.  Plaintiff Cathy Frost executed a franchise agreement with Curves on or around May 31st, 2001. Plaintiff Cathy Frost's Curves franchise is located in the Norwich, Connecticut area. Plaintiff Cathy Frost renewed her Norwich, Connecticut area franchise agreement as Plaintiff, Frost Enterprises, Inc., a Connecticut corporation, on or around November 13th, 2012.  Plaintiff Frost Enterprises, Inc. ceased operations of the Norwich, Connecticut Curves franchise in or around December 2014.

38. Plaintiff James Gasson, Jr. is a citizen and resident of the State of Virginia.  Plaintiff

James Gasson, Jr. executed a franchise agreement with Curves on or around October 24, 2002.  Plaintiff James Gasson, Jr.'s Curves franchise was located in the Alexandria, Virginia - West area.  Plaintiff James Gasson, Jr. ceased operations of the Alexandria, Virginia - West area Curves franchise on or around October 31, 2012.  Plaintiff James Gasson, Jr. executed a franchise agreement with Curves on or around April 16th, 2003.  Plaintiff James Gasson, Jr.'s Curves franchise was located in the Annadale, Virginia area.  Plaintiff James Gasson, Jr. ceased operations of the Annadale, Virginia area Curves franchise on or around November 30th, 2013.  Plaintiff James Gasson, Jr. executed a franchise agreement with Curves on or around September 23rd, 2004.  Plaintiff James Gasson, Jr.'s Curves franchise was located in the Annadale, Virginia – South area.   That upon information and belief, Plaintiff James Gasson, Jr. assigned the Annadale, Virginia – South area Curves franchise to Plaintiff, Women's Health, LLC.  Plaintiff Women's Health, LLC ceased operations of the Annadale, Virginia – South area Curves franchise on or around March 31st, 2012.

39. Plaintiffs Ann Guzdial and John McIntosh are citizens and residents of the State of Michigan.  Plaintiffs Ann Guzdial and John McIntosh executed a franchise agreement with Curves on or around June 26th, 2006.  Plaintiffs Ann Guzdial and John McIntosh's Curves franchise was located in the West Bloomfield Township/Orchard Lake, Michigan area.  Plaintiffs Ann Guzdial and John McIntosh ceased operations of the West Bloomfield Township/Orchard Lake, Michigan area Curves franchise on or around July of 2011.

40. Plaintiffs Deedra and David Haselhuhn are citizens and residents of the State of Michigan.  Plaintiffs Deedra and David Haselhuhn executed a franchise agreement with

Curves on or around June 2nd, 2011.  Plaintiffs Deedra and David Haselhuhn's Curves franchise was located in the Rogers City, Michigan area.  Plaintiffs Deedra and David Haselhuhn ceased operations of the Rogers City, Michigan area Curves franchise on or around June 15th, 2014.

41.  Plaintiff Surfside Fitness, LLC is a Florida Limited Liability Company.  Plaintiff Surfside Fitness, LLC executed a franchise agreement with Curves on or around August 2nd, 2010 by and through Plaintiffs John Heppe and Kathleen Tomann-Heppe.  Plaintiff Surfside Fitness, LLC's Curves franchise was located in the Port Saint Lucie, Florida - West area.  Plaintiff Surfside Fitness, LLC ceased operations of the Port Saint Lucie, Florida – West area Curves franchise on or around July 26th, 2014.

42.  Plaintiffs Dawn and Jonathan Hollenbeck are citizens and residents of the State of Colorado.  Plaintiffs Dawn and Jonathan Hollenbeck executed a franchise agreement with Curves on or around March 11th, 2011.  Plaintiffs Dawn and Jonathan Hollenbeck's Curves franchise was located in the Chaffee County, Colorado – North area.  Plaintiffs Dawn and Jonathan Hollenbeck ceased operations of the Chaffee County, Colorado – North area Curves franchise on or around April 26th, 2013.

43.  Plaintiff Gilpin Avenue Fitness, Inc. is a Delaware corporation.  Plaintiff Gilpin Avenue Fitness, Inc. executed a franchise agreement with Curves on or around June 28th, 2011 by and through Plaintiffs Julianne Dugan and Laura Johnson.  Plaintiff Gilpin Avenue Fitness, Inc.'s Curves franchise was located in the Wilmington, Delaware area.  Plaintiff Gilpin Avenue Fitness, Inc. ceased operations of the Wilmington, Delaware area Curves franchise on or around December 31st, 2014.  Plaintiff Gilpin Avenue Fitness, Inc. executed a franchise agreement with Curves on or around November 23rd, 2011.

Plaintiff Gilpin Avenue Fitness, Inc.'s Curves franchise is located in the Talleyville, Delaware area.

44. Plaintiff Bonnilee Jones is a citizen and resident of the State of California.  Plaintiff Bonnilee Jones executed a franchise agreement with Curves on or around January 2nd, 2012.  Plaintiff Bonnilee Jones' Curves franchise was located in the Lebac, California area.  Plaintiff Bonnilee Jones ceased operations of the Lebac, California area Curves franchise on or around July 31st, 2014.

45. Plaintiff Spring Kamp is a citizen and resident of the State of Iowa.  Plaintiff Spring Kamp executed a franchise agreement with Curves on or around April 30th, 2012.  Plaintiff Spring Kamp's Curves franchise was located in the Sheldon, Iowa area.  Plaintiff Spring Kamp assigned the Sheldon, Iowa area Curves franchise to Plaintiff, Spring Kamp, LLC, an Iowa limited liability company.  Plaintiff Spring Kamp, LLC ceased operations of the Sheldon, Iowa area Curves franchise on or around May 23rd, 2014.

46. Plaintiff Ruth Kieffer is a citizen and resident of the State of Wisconsin.  Plaintiff Ruth Kieffer executed a franchise agreement with Curves on or around August 24th, 2004.  Plaintiff Ruth Kieffer's Curves franchise was located in the Grand Chute, Wisconsin area.  Plaintiff Ruth Kieffer renewed the Grand Chute, Wisconsin area Curves franchise in 2009.  Plaintiff Ruth Kieffer ceased operations of the Grand Chute, Wisconsin area Curves franchise on or around August 25th, 2012.

47. Plaintiff B'KLYN Hot Fitness, Inc. is a Florida corporation.  Plaintiff B'KLYN Hot Fitness, Inc. executed a franchise agreement with Curves on or around August 3rd, 2009 by and through Plaintiff Stacey Kopita.  Plaintiff B'KLYN Hot Fitness, Inc.'s Curves

franchise was located in the Oldsmar, Florida area. Plaintiff B'KLYN Hot Fitness, Inc. ceased operations of the Oldsmar, Florida area Curves franchise on or around March 31st, 2014.

48. Plaintiffs Kathleen and Jaclynn Loeffler are citizens and residents of the State of Massachusetts. Plaintiffs Kathleen and Jaclynn Loeffler executed a franchise agreement with Curves on or around August 19th, 2013. Plaintiffs Kathleen and Jaclynn Loeffler's Curves franchise was located in the Needham, Massachusetts area. Plaintiffs Kathleen and Jaclynn Loeffler assigned the Needham, Massachusetts area Curves franchise agreement to Plaintiff J&K Health, LLC, a Massachusetts limited liability company, on or around November 15th, 2013. Plaintiffs Kathleen and Jaclynn Loeffler ceased operations of the Needham, Massachusetts area Curves franchise in or around January 2015.

49. Plaintiff John Matusin is a citizen and resident of the State of Pennsylvania. Plaintiff John Matusin executed a franchise agreement on or around August 12th, 2002. Plaintiff John Matusin's Curves franchise was located in the city limits of Center, Pennsylvania, within Beaver County, Pennsylvania. Plaintiff John Matusin ceased operations of the Center, Pennsylvania area Curves franchise in or around August of 2012. Plaintiff John Matusin executed a franchise agreement on or around June 16th, 2003. Plaintiff John Matusin's Curves franchise was located in the township limits of Hopewell Township, Pennsylvania, within Beaver County, Pennsylvania and the city limits of Aliquippa, Pennsylvania, within Beaver County, Pennsylvania. Plaintiff John Matusin ceased operations of the Hopewell Township/Aliquippa Curves franchise in or around June of 2013.

50. Plaintiff Judith McCrary is a citizen and resident of the State of Arizona.  Plaintiff Judith McCrary executed a franchise agreement with Curves on or around July 28th, 2010.  Plaintiff Judith McCrary's Curves franchise was located in the Fairview/Newberry, Pennsylvania area.  Plaintiff Judith McCrary ceased operations of the Fairview/Newberry, Pennsylvania area Curves franchise on or around October 18th, 2014.

51. Plaintiff Beverly McDonald is a citizen and resident of the State of Alabama.  Plaintiff Beverly McDonald executed a franchise agreement with Curves on September 12th, 2012.  Plaintiff Beverly McDonald's Curves franchise was located in the Gulf Shores, Alabama area.  That upon information and belief, Plaintiff Beverly McDonald assigned the Gulf Shores, Alabama area Curves franchise to Plaintiff, FreshStart Fitness, LLC.  Plaintiff FreshStart Fitness, LLC ceased operations of the Gulf Shores, Alabama area Curves franchise on or around September 26th, 2014.

52. Plaintiff SEO Group, LLC is a Pennsylvania limited liability company.   Plaintiff SEO Group, LLC executed a franchise agreement with Curves on or around September 29th, 2009.  Plaintiff SEO Group, LLC's Curves franchise was located in the Langhorne, Pennsylvania area.  Plaintiff SEO Group, LLC ceased operations of the Langhorne, Pennsylvania area Curves franchise on or around September 21st, 2014.

53. Plaintiff Ana Ogle is a citizen and resident of the State of Texas.  Plaintiff Ana Ogle executed a franchise agreement with Curves on or around April 27th, 2012.  Plaintiff Ana Ogle's Curves franchise was located in the El Paso, Texas – North area.  Plaintiff Ana Ogle ceased operations of the El Paso, Texas – North area Curves franchise on or around December 30th, 2013.

54. Plaintiffs Tricia and Stephen Petrinovich are citizens and residents of the State of Washington.  Plaintiffs Tricia and Stephen Petrinovich executed a franchise agreement with Curves on or around October 31st, 2003.  Plaintiffs Tricia and Stephen Petrinovich's Curves franchise was located in the Liberty Lake/Otis Orchards, Washington area.  Plaintiffs Tricia and Stephen Petrinovich ceased operations of the Liberty Lake/Otis Orchards, Washington area Curves franchise on or around February 28th, 2013.

55. Plaintiff Catherine Pieratt is a citizen and resident of the State of Indiana.  Plaintiff Catherine Pieratt executed a franchise agreement with Curves on or around September 26th, 2008.  Plaintiff Catherine Pieratt's Curves franchise is located in the North Vernon, Indiana area.  Plaintiff Catherine Pieratt renewed her North Vernon, Indiana area Curves franchise under Plaintiff Fitness Queens LLC, an Indiana limited liability company, on or around September 30th, 2013.

56. Plaintiffs Steven and Helen Price are citizens and residents of the State of Pennsylvania.  Plaintiffs Steven and Helen Price executed a franchise agreement with Curves on or around August 11th, 2011.  Plaintiffs Steven and Helen Price's Curves franchise was located in the Bensalem, Pennsylvania area.  Plaintiffs Steven and Helen Price assigned the Bensalem, Pennsylvania area Curves franchise to Plaintiff, SH Price, Inc., a Pennsylvania corporation.   Plaintiff SH Price, Inc. ceased operations of the Bensalem, Pennsylvania area Curves franchise on or around July 2nd, 2014.

57. Plaintiff Keeping You Fit, Inc. is a North Dakota corporation.   Plaintiff Keeping You Fit, Inc. executed a franchise agreement with Curves on or around October 26th, 2010 by and through Plaintiff Shellene Ragan.  Plaintiff Keeping You Fit, Inc.'s Curves franchise

was located in the Fargo, North Dakota – North area.  Plaintiff Keeping You Fit, Inc.

ceased operations of the Fargo, North Dakota – North area Curves franchise on or

around June 30th, 2011.  Plaintiff Keeping You Fit, Inc. executed a franchise agreement

with Curves on or around October 26th, 2010.  Plaintiff Keeping You Fit, Inc.'s Curves

franchise was located in the West Fargo, North Dakota area.  Plaintiff Keeping You Fit,

Inc. ceased operations of the West Fargo, North Dakota area Curves franchise on or

around December 9th, 2011.  Plaintiff Keeping You Fit, Inc. executed a franchise

agreement with Curves on or around October 26th, 2010. Plaintiff Keeping You Fit,

Inc.'s Curves franchise is located in the Fargo, North Dakota – South area.

58. Plaintiff Deborah Roberts is a citizen and resident of the State of Massachusetts.

Plaintiff Deborah Roberts executed a franchise agreement with Curves on or around

November 3rd, 2011.  Plaintiff Deborah Roberts' Curves franchise was located in the

Attleboro, Massachusetts area.  That upon information and belief, Plaintiff Deborah

Roberts assigned the Attleboro, Massachusetts area Curves franchise to Plaintiff, SMJJ,

Inc.  Plaintiff SMJJ, Inc. ceased operations of the Attleboro, Massachusetts area Curves

franchise on or around November 3rd, 2014.

59. Plaintiff Faw-Rose Fitness, LLC is a North Carolina limited liability company.  Plaintiff

Faw-Rose Fitness, LLC executed a franchise agreement with Curves on or around

October 28th, 2010 by and through Plaintiff Gradyne Rose.  Plaintiff Faw-Rose Fitness,

LLC's Curves franchise was located in the Wilkes County, North Carolina – West area.

Plaintiff Faw-Rose Fitness, LLC ceased operations of the Wilkes County, North

Carolina – West area Curves franchise on or around June 30th, 2011.  Plaintiff Faw-Rose

Fitness, LLC executed a franchise agreement with Curves on October 28th, 2010.

Plaintiff Faw-Rose Fitness, LLC's Curves franchise was located in the Wilkes County, North Carolina – East area. Plaintiff Faw-Rose Fitness, LLC ceased operations of the Wilkes County, North Carolina – East area Curves franchise on or around July 4th, 2014.

60. Plaintiff Daily Kaizen Corp. is a California corporation. Plaintiff Daily Kaizen Corp. executed a franchise agreement with Curves on or around August 27th, 2009 by and through Plaintiff Christine Salomon. Plaintiff Daily Kaizen Corp.'s Curve franchise is located in the Los Angeles, California – Marina Del Ray South area.

61. Plaintiff Kim Sampson is a citizen and resident of the State of New York. Plaintiff Kim Sampson executed a franchise agreement on or around December 4th, 2003. Plaintiff Kim Sampson's Curves franchise was located in the Glenville Township, New York area. Plaintiff Kim Sampson renewed her Glenville Township, New York Curves franchise under Plaintiff KSG, LLC, a New York limited liability company, on or around April 14th, 2014. Plaintiff KSG, LLC ceased operations of the Glenville Township, New York area Curves franchise on or around November 30th, 2014. Plaintiff Kim Sampson executed a franchise agreement on or around December 4th, 2003. Plaintiff Kim Sampson's Curves franchise was located in the Halfmoon, New York area. Plaintiff Kim Sampson renewed her Halfmoon, New York Curves franchise under Plaintiff KSG, LLC, a New York limited liability company, on or around April 14th, 2014. Plaintiff KSG, LLC ceased operations of the Halfmoon, New York area Curves franchise on or around November 30th, 2014.

62. Plaintiff Joy Samson and Jacqueline Telles are citizens and residents of the State of Massachusetts. Plaintiff Joy Samson executed a franchise agreement with Curves on or around June 8th, 2006. Plaintiff Joy Samson renewed the franchise agreement on or

around May 30th, 2012.  On or around June 11th, 2013, Plaintiffs Joy Samson and Jacqueline Telles renewed the franchise agreement again.  Plaintiff Joy Samson's and Jacqueline Telles' Curves franchise is located in the Lexington, Massachusetts area.

63. Plaintiff JTS Enterprises, LLC is a Kentucky limited liability company.  Plaintiff JTS Enterprises, LLC executed a franchise agreement with Curves on or around May 4th, 2010 by and through Plaintiffs Tracy Sinclair and Jerome Sinclair.  Plaintiff JTS Enterprises, LLC's Curves franchise was located in the Calvert City, Kentucky area. Plaintiff JTS Enterprises, LLC ceased operations of the Calvert City, Kentucky area Curves franchise in or around November of 2014.

64. Plaintiffs Scott and Lisa Singleton are citizens and residents of the State of Maryland. Plaintiffs Scott and Lisa Singleton executed a franchise agreement with Curves on or around August 29th, 2002.  Plaintiffs Scott and Lisa Singleton's Curves franchise was located in the Hampstead, Maryland area. Plaintiffs Scott and Lisa Singleton ceased operations of the Hampstead, Maryland area Curves franchise on or around October 1st, 2011.  Plaintiff Scott Singleton executed a franchise agreement with Curves on or around June 18th, 2003.  Plaintiff Scott Singleton's Curves franchise was located in the Manchester, Maryland area.  Plaintiff Scott Singleton ceased operations of the Manchester, Maryland area Curves franchise on or around June 18th, 2013.

65. Plaintiff Deborah Spalvins is a citizen and resident of the State of Florida.  Plaintiff Deborah Spalvins executed a franchise agreement with Curves on or around October 22nd, 2002.  Plaintiff Deborah Spalvins' Curves franchise is located in the Marco Island, Florida area.  Plaintiff Deborah Spalvins renewed her Marco Island, Florida area Curves franchise on or around February 8th, 2012.

66. Plaintiff Stacy Vano is a citizen and resident of the State of New York.  Plaintiff Stacy Vano executed a franchise agreement with Curves on or around January 22nd, 2002.  Plaintiff Stacy Vano's Curves franchise was located in the Levittown, New York area.  Plaintiff Stacy Vano renewed her Levittown, New York area Curves franchise in or around January of 2012 and again on or around April 4th, 2014.  Plaintiff Stacy Vano ceased operations of the Levittown, New York area Curves franchise on or around August 15th, 2014.

67. Plaintiffs Rita and John Viskup are citizens and residents of the State of Virginia.  Plaintiffs Rita and John Viskup executed a franchise agreement with Curves on or around December 28th, 2009.  Plaintiffs Rita and John Viskup's Curves franchise was located in the Bluefield, West Virginia area.  Plaintiffs Rita and John Viskup ceased operations of the Bluefield, West Virginia area Curves franchise on or around December 28th, 2014.   Plaintiffs Rita and John Viskup executed a franchise agreement with Curves on or around December 28th, 2009.  Plaintiffs Rita and John Viskup's Curves franchise was located in the Princeton, West Virginia area.  Plaintiff Rita and John Viskup ceased operations of the Princeton, West Virginia area Curves franchise on or around January 31st, 2014.

68. Plaintiff Michelle Wicks is a citizen and resident of the State of New York.  Plaintiff Michelle Wicks executed a franchise agreement with Curves on or around September 28th, 2009.  Plaintiff Michelle Wicks' Curves franchise was located in the Islip Terrace, New York area.  Plaintiff Michelle Wicks ceased operations of the Islip Terrace, New York area Curves franchise on or around December 31st, 2012.

69. Defendant Curves International, Inc. is a Texas corporation with its principal place of

business in Woodway, Texas.   Curves International, Inc. was incorporated in October of 1995.

70. Defendant Curves International Holdings, Inc. is a Texas corporation with its principal place of business in Greenwich, Connecticut.  On or about August 1st, 2012, Curves International Holdings, Inc. acquired a 100% interest in Curves International, Inc. becoming the parent company of Defendant Curves International, Inc.  Defendant Curves International Holdings, Inc. was formed on June 29th, 2012.

71. That Defendant Howard Gary Heavin, hereinafter referred to as "GARY HEAVIN," served as the Chief Executive Office and Chairman of the Board of Directors of Curves International, Inc. since October of 1995.  He also served as the President of Curves International, Inc. from March of 2004 to November 9th, 2005 and from October of 1995 to April of 1997.  Gary Heavin was the President and Chairman of the Board of Directors of Curves for Women, Inc. from 1992 until 1995.  Mr. Heavin has been in the health and fitness industry for approximately 25 years, including the development of Woman's World, a chain of fitness facilities, the manufacture of exercise equipment, counseling weight loss clients and providing consulting services for club owners internationally.  Mr. Heavin was Chief of Operations for Powercise and a Director of Sales for Maxxim Medical.  (Taken from 2011 FDD)

72. That GARY HEAVIN currently serves as a Director of Curves International, Inc., a position he has held since September of 2012. (Taken from 2014 FDD)

73. That at all times relevant Defendant GARY HEAVIN is/was directly involved as the "face" of Curves corporate to the Plaintiffs, all other franchisees, and the general public.

74. That at all times relevant Defendant GARY HEAVIN had/has a pecuniary interest in

Curves International, Inc.

## JURISDICTION

75. Jurisdiction in this court is proper pursuant to the provisions of 28 U.S.C. § 1332 in that this is a mass action under the Class Action Fairness Act and there is diversity of citizenship as set forth in that Act.   The parties consented to the jurisdiction of this Court under the terms of the franchise agreements existing between the parties.

## ALLEGATIONS COMMON TO ALL COUNTS

### I.   Curves

76. Curves International, Inc. was formed in October of 1995 to franchise the Curves®/Curves for Women® concept by Defendant GARY HEAVIN and Diane Heavin.

77. That GARY HEAVIN and his wife, Mrs. Diane Heavin, began to sell franchises in October of 1998 under Curves International, Inc.

78. In order to sell franchises, Curves International, Inc. had/has to comply with Federal and State franchising rules.   Principal among these is the Federal Trade Commissions franchise disclosure trade regulation rule, the "FTC Rule."

### II.   FTC Rule

79. The Commission promulgated the original Franchise Rule on December 21, 1978. Based upon the original rulemaking record, the Commission found widespread deception in the sale of franchises and business opportunities through both material misrepresentations and nondisclosures of material facts.  Specifically, the Commission found that franchisors and business opportunity sellers often made material

misrepresentations about: the nature of the seller and its business operations, the costs to purchase a franchise or business opportunity and other contractual terms and conditions under which the business would operate, the success of the seller and its purchasers, and the seller's financial viability.  The Commission also found other unfair or deceptive practices pervasive: franchisors' and business opportunity sellers' use of false or unsubstantiated earnings claims to lure prospective purchasers into buying a franchise or business opportunity, and franchisors' and business opportunity sellers' failure to honor promised refund requests.  The Commission concluded that all of these practices led to serious economic harm to consumer.

80. To prevent deceptive and unfair practices in the sale of franchises and business opportunities and to correct consumers' misimpressions about franchise and business opportunity offerings, the Commission adopted the original Franchise Rule which was later amended after a regulatory review in 1995.

81. The FTC Act defines an unfair act or practice as one that is "likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition." 15 U.S.C. 45(n).

82. The FTC Rule is designed to require sellers of franchises to provided prospective investors with the information they need to make an informed investment decision.  The FTC Rule permits franchisors to use a uniform disclosure format which has been adopted by every state known as the "Franchise Disclosure Document" or "FDD" (formerly known as "Uniform Franchise Offering Circular" or "UFOC").  Each topic of disclosure in a FDD is referred to as an "Item" numbered 1 to 23 16 CFR Part 436.5. Some of the most basic Items are the following:

83. <u>Item 5</u> mandates disclosure of initial fees.  Initial fees means all fees and payments, or commitments to pay, for services or goods received from the franchisor or any affiliate before the franchisee's business opens.

84. <u>Item 6</u> mandates detailed disclosure of all other fees payable by the franchisee to the franchisor or its affiliates or that the franchisor or its affiliates impose or collect in whole or in part for a third party including but not limited to royalties, fees for additional training or assistance, advertising, cooperatives, accounting, and inventory.

85. <u>Item 7</u> requires the franchisor to describe in detail the expenditures the franchisee should anticipate making on or before the commencement of business operations.  The franchisor must be able to support its estimate from the actual experience of its franchisors.  Fern, Costello and Asbill, Vol. 1 *Franchising Law Practice and Forms,* at 6-15 Specialty Technical Publishers (2005).

86. <u>Item 8</u> requires disclosure of any restrictions imposed by the franchisor on the franchisee's purchase of products and services.   Franchisors must disclose the franchisee's obligations to purchase or lease, including but not limited to, goods, services, supplies, fixtures, equipment, inventory, and computer hardware and software related to establishing or operating the franchised business either from the franchisor, its designee, or suppliers approved by the franchisor or under the franchisor's specifications.  The franchisor must also disclose whether it or its affiliates will derive revenue or other material consideration from required purchases by franchisees.   If an obligation is imposed in practice, disclosure must be made, even if there is no contractual requirement. *Id.*

87. <u>Item 12</u> concerns disclosure of a specific location or territory granted to the franchisee.

88. <u>Item 19</u> concerns "earnings claims" or representations of a franchisee's prospective financial performance.  While the FTC permits a franchisor to make earnings claims (though most reputable franchisors do not), the FTC Rule prohibits the making of earnings claims *except* as part of a detailed disclosure in Item 19. 16 C.F.R.  436.5(s).  Earnings claims in an advertising brochure, in a slide presentation, in a verbal sales presentation or on the back of any envelope, are prohibited.  Vol. 1 *Franchising Law Practice and Forms*, at 6-23.

89. <u>Item 20</u> requires the franchisor to fully disclose information concerning its current and former franchisees, including the number of franchisees whose ownership was transferred or whose franchise was canceled, terminated, or not renewed or have ceased doing business in the system.  A pattern of abandonment, sales, terminations and non-renewals indicates a sick franchise.

III. <u>The Timing of Federal Disclosure</u>

90. In addition to providing a format for disclosures, the FTC Rule specifies when a disclosure document must be given to the prospective franchisee.  Such timing requirements are intended to ensure that franchisees have a "cooling off" period in which to evaluate the disclosure document before paying any monies to the franchisor and before executing agreements binding on the prospective franchisee.

91. Under the Rule, the prospective franchisee must be provided a disclosure document upon the *earliest* to occur of any of the following three events:

    a.   The first face to face meeting with a franchisee;

    b.   10 business days prior to the execution of a franchise agreement; or

    c.   10 business days prior to payment by a prospective franchisee.

92. Violations of the FTC Rule are considered unfair or deceptive acts within the meaning of Section 5 of the Federal Trade Commission Act.

IV. <u>State Disclosure Laws</u>

93. The FTC Rule does not preempt state disclosure laws to the extent that they provide greater protection that it does.  Several do.

V. <u>Curves Sales Efforts</u>

94. At the beginning Curves undertook the traditional franchise strategy of concentrating resources on a select metropolitan area or region in order to build up number of units and corresponding brand recognition.  As the Curves brand grew, it sought out prospects across the United States who could afford a relatively low franchise fee.

95. The sales pitch was hard and contained numerous misrepresentations intended to be relied upon by the potential franchisees, including Plaintiffs.

96. The Plaintiffs in this case each had an interest in owning a franchise and, at some point, became specifically interested in a Curves franchise.

97. As part of their investigation, the Plaintiffs visited the Curve's website.  The Curves website boasted the accomplishments of Curves and its franchisees, the potential success of a Curves franchise, favorable magazine articles which boasted the success of Curves, including, but not limited to, the number of locations and low fees, break-even points, and even went as far to claim immunity from competition/economic downturn.  While the content has changed over the years, the general concept is the same, and it was the website, reinforced with verbal sales pitches, that enticed Plaintiffs to purchase a Curves franchise(s).

98. Among other various representations, written and verbal, Curves represented to each

Plaintiff that it would provide them with opening support, training, ongoing support, assistance selling memberships, marketing, weight loss guidance, internal and external promotions to generate business, advertising, brand maintenance, and more.  These representations were made to and relied upon by Plaintiffs in their decision to purchase a Curves franchise(s).

99. For instance, Curves, by and through its representatives and its own website, boasted information, including but not limited to, the following:

   a. "The unique Quickfit exercise machines, dressing rooms, and consulting area only require 1,000 square feet, which allows most locations to be profitable with as few as 100 members."  (Exhibit 1)

   b. "Only one person will be bringing the Curves for Women® 30 minute fitness and weight loss facility to your area."  (Exhibit 2)

   c. "You will be trained and confident with all phases of your franchise operation." (Exhibit 3)

   d. "The Curves Workout, dressing rooms and consulting areas require 1,000 to 1,500 square feet.  This efficiency allows most locations to be profitable with as few as 200 members." (Exhibit 3)

   e. "OFTEN COMPETITION FREE" (Exhibit 3)

   f. "TRAINING: We assume that franchisees have no experience or knowledge in the operation of a fitness and weight loss facility.  Consequently, we'll provide you with materials, text books and systems manual at Club Camp, our comprehensive classroom training program held almost every month in Waco, Texas.  For five days, expert instructors will teach you nutritional guidance,

exercise physiology, sales and marketing, and general business.  You'll be certified as a Curves Workout Personal Trainer, and you'll leave confident with the tools to safely and effectively operate your Curves franchise." (Exhibit 4)

g. "SUPPORT: At our expense, we'll send one of our expert mentors to assist you with your grand opening and work with you for the first four days of your franchise operation.  The mentor will show you how to handle phone calls, sell memberships, teach the Curves Workout System and provide weight loss guidance.  By the end of the week, your Curves franchise will be up and running." (Exhibit 4)

h. "ON-GOING SUPPORT SERVICES:  Newspaper ads, internal and external promotions to generate business, and ideas to better service your members are available on a secured Web site designed and maintained especially for Curves franchisees.  There are also regional training meetings and an annual convention for all franchisees.  With Curves' premier franchise services, you'll be in business for yourself, not by yourself." (Exhibit 4)

i. ""90% of franchise businesses are still operating after 10 years, whereas 82% of independent businesses have failed."" (Exhibit 5)

j. "We are extremely proud to be included in the top five hundred franchises and fastest-growing franchise lists." (Exhibit 6)

k. "Indeed, the average Curves club today has only 400 members – which, according to a formula the company has developed, is what a town with a population of about 10,000 can sustain." (Exhibit 7 – See Page 8)

l. " "When it comes to women's fitness, just by sheer numbers, I'm the world's

undisputed expert.  I'm the visionary," he [Howard Gary Heavin] says. "We certainly get a lot of good ideas from members and franchisees. But the big ideas, they come primarily from me." He points to this fact: Of the nearly 10,000 Curves locations that have opened, only 300 have closed.  Of those, 200 have reopened successfully." (Exhibit 7 – See Page 10)

m. "The typical Curves inhabits just 1,200 sq. ft. to 1,500 sq. ft. and can be profitable with as few as 200 members.  Those low numbers let owners focus on service rather than member recruitment." (Exhibit 8 – See Page 2)

n. "Franchisees receive ongoing support from dedicated area directors and corporate support staff." (Exhibit 9)

100.     Curves International, Inc. quickly realized the amount of money that could be made by just selling franchises, a common distraction to many franchisors. Unfortunately, Curves International, Inc. drifted from growing and supporting the Curves franchise to a "sell as many as possible" approach.

101.     This approach, often taken by franchisor who later fail, is nothing more than an "I smell money" policy.

102.     The franchisor, in this case Curves International, Inc. noticed that the more franchises they sell, the more money it made.  Unfortunately, the consequence is overselling and oversaturating the market.  Such an approach also resulted in Curves being unable to adequately support the franchisees.

103.     The oversaturation has become even more obvious in the last five years as Curves franchisees have essentially been left to bleed dry and die on the vine.

104.     Curves International, Inc. knew or should have known of the risks of phenomenal

growth and the resulting oversaturation of the market.

105.      In fact, Curves International, Inc., by and through its founder Howard Gary

Heavin, stated in 2003 that "I wonder if we're going to over saturate the market" and

"that at the current growth rate, the domestic Curves franchise will be sold out next

year."  (Exhibit 8) Yet, Curves International, Inc. failed to heed its own warning and

continued to sell franchises.

106.      Furthermore, Jonathan Canarick, a managing director of North Castle Partners[1],

stated in a 2012 article that "the problem with fast success is that the owners weren't

able to put the systems in place quickly enough.  North Castle plans to correct the

inconsistencies that came about because of that fast growth."  (Exhibit 10)

VI. Opening and Operating a Curves Franchise

107.      As a prospective franchisee, Plaintiffs relied on information contained in the

Franchise Disclosure Document (hereinafter referred to as "FDD") and/or many other

representations made to them by Curves at their peril.  Most franchisees discovered that

upon opening and operating their location, the numbers contained in the FDD and/or

those figures otherwise represented to them were grossly underestimated and inaccurate.

108.      In several instances Plaintiffs were led to believe that they would need three

months of expenses in operating capital until their locations would break even.

However, that number was greatly underestimated which required the franchisees to

invest and/or borrow additional money to keep their location(s) open.

109.      In the 2009 FDD Curves International, Inc. estimated that the initial investment to

open one of its franchises ranged from $28,170 to $39,595.

---

[1] North Castle Partners V, L.P. ("NCP") purchased Curves on July 31st, 2012.  Defendant Curves International
Holdings, Inc., the parent company of Defendant Curves International, Inc., is owned primarily by NCP-Curves,
L.P., a Delaware limited partnership, owned by NCP.

110.    The 2014 FDD raised the projected initial investment to $46,070.17 to

$69,443.14, almost doubling the cost most Plaintiffs were told to originally expect.

111.    In addition, over past several years Curves recommended in its FDD that the

franchisee have three months of expenses in reserves at the time of opening to cover

costs until the franchisee breaks even.  Those numbers grossly underestimated the need

for working capital to keep the locations running while they obtained members.

112.    Once a prospect signed a franchise agreement and had received their financing,

Curves provided virtually none of the services represented to them including those

normally expected from a franchisor and those provided to them in the franchise

agreements.

113.    Curves provided little or no assistance with site/location selection, with lease

negotiation, and/or site development, even though Curves boasted about all its

"research" into territories.

114.    Once the site/location was selected and the lease was signed, Curves required its

franchisees to purchase their equipment through it, claiming that their buying power

allowed it to purchase equipment at a substantial discount.  In fact, the price charged to a

franchise sometimes exceeded the price that a customer could purchase the same

equipment from a vendor on its own as Curves used a subsidiary company as the middle

man between the franchisees and the vendor and marked up the equipment before

requiring the franchisees to buy it from them.  In addition, there were exorbitant

shipping charges for shipping the equipment to the franchisee which were not disclosed

prior to the franchise agreement being signed.

115.    Franchisees would often exhaust their working capital prior to or shortly after

opening their location(s).  Many times the grand openings would occur without proper training and/or the grand opening assistance represented to them and contained in the franchise agreement.  Calls to corporate office for assistance were greeted with hostility or unreturned.

116.     Notwithstanding the foregoing, Curves continued to demand payment of its monthly fees.

117.     Furthermore, despite the obvious struggles of its franchisees, Curves continued to demand additional payments by and through various vendors, most of which were subsidiaries of Curves and/or gave kickbacks to Curves.[2]  The following are examples of the additional demands made upon franchisees, including but not limited to:

    a. In 2001, Franchisees were required to purchase Curves t-shirts that they could not sell and were to giveaway;

    b. In 2003, Franchisees were required to buy Howard Gary Heavin's book;

    c. In 2003, Franchisees were required to purchase bags to give away to new members;

    d. In 2004, Franchisees were required to purchase Diane Magazine;

    e. In 2008, Curves introduced the Curves Smart System and made subsequent requirements;

    f. In 2010, Curves introduced the Curves Complete Program and made subsequent requirements;

    g. In 2010, Curves developed CurvesOS and made subsequent requirements;

    h. In 2011, Franchisees were required to be Cleveland Clinic Certified;

---

[2] It should be noted that the required purchase demands on franchisees increased when Curves began to have difficulty selling any more franchises.  Curves had little regard for the success of their franchisees and were only concerned with their own profit.

  i. In 2011, Franchisees much implement the CurvesOS system;

  j. In 2012, Franchisees were required to purchase new materials for the Curves Complete Program including but not limited to advertising materials, banners, and posters.

  k. In 2012, Franchisees were required to purchase "tool kits" for $19.95 each and were to give them away;

  l. In 2012, Franchisees were required to implement new paint colors

  m. In 2013, Franchisees were required to purchase meal and snack bars with a display stand;

  n. In 2013, Franchisees were required to purchase clothing bundles four times a year and the display stand;

  o. In 2013, Franchisees were required to purchase new equipment, TV and sound bar from Best Buy, Jillian Michael mats, and new sensors; and

  p. In 2013, Franchisees were required to purchase Curves and Curves Complete vinyl decals.

## VII. Over Saturation of Market

118. In several documents, including their own FDD, Curves tells franchisees that "we may not grant a franchise to an area with a population less than 10,000 based on the latest census statistical data provided by the U.S. Department of Commerce Bureau of the Census."

119. However, upon information and belief, Curves did nothing to determine if an area was adequate enough to support a Curves franchise including failure to check the population of territories.

120.     In addition, Curves continued to sell franchises and ignore territories in many circumstances, to the point that many areas had several Curves locations within 2 miles of each other.

121.     Curves knew or should have known that the territories, including the population and club spacing, would not adequately support a Curves franchise, but did little to nothing, other than continue to collect franchise fees.

122.     In fact, while Curves repeatedly told franchisees that they used a "formula" to determine the necessary population and demographics to support a Curves franchise, it never did any research or studies on any territories or the viability of a territory.

123.     Furthermore, Curves never contacted any Plaintiff to update their "research" or "formula" as the franchise grew.

124.     Curves carelessly sold and created "territories" based only on the willingness of the franchisee to write a check to Curves.

125.     In fact, at the 2006 Curves Convention, Howard Gary Heavin stood before the participants and stated that many clubs were going to have to close due to the overbuilt system and even encouraged franchisees to split their territories.

126.     Furthermore, Howard Gary Heavin was even quoted in a Inc article as saying "It took McDonald's 25 years to reach 6,000 locations.  It took Subway 26 years, and it took us 8."  Further supporting the fact that Curves sold franchises with little regard to maintaining them. (Exhibit 7 – See Page 9)

127.     Gary Findley, the former Curves President, even began suggesting that "In order for Curves to maintain its spot ahead of the competition, it needs to provide some additional income opportunities for franchisees," he (Gary Findley) says. "At some

point, they're going to reach their maximum income potential." Heavin, on the other hand, was adamant about keeping the focus squarely on 30-minutes circuit training for women.  Indeed, new franchisees are warned that if they deviate at all—by adding, say treadmills or tanning beds to their clubs—they'll be in violation of their franchise agreements and run the risk of losing their business." ….. "But he [Gary Findley] thinks that Heavin's focus on what's worked for Curves in the past may impede the chain's future growth.  Heavin sees little reason to change course."  (Exhibit 7 – Page 10)

128.     Furthermore, in an April 2003 TIME article, Howard Gary Heavin even said that at the current growth rates, the domestic Curves franchises will be sold out next year, yet Curves continued to sell franchises.  (Exhibit 8)

129.     In a Franchise Times interview, former Curves president Gary Findley was asked if the Curves brand grew too fast, his response was "The biggest thing would be not changing with the times and the market. You can't stick your head in the sand and say, we're down to 3,000 locations and say it just happens, because it doesn't just happen." (Exhibit 11 – See Page 2)

VIII.   <u>Prosperity of Curves and The Failure of Its System</u>

130.     According to the 2014 FDD, Curves had 2,369 franchises operating at the end of 2013, 2,860 operating at the end of 2012, and 3,551 operating at the end of 2011. According to the 2011 FDD, Curves had 4,375 franchises operating at the end of 2010, 5,208 operating at the end of 2009, and 6,247 operating at the end of 2008.  According to the 2008 FDD, Curves had 7,091 franchises operating at the end of 2007, 7,748 operating at the end of 2006, and 7,885 operating at the end of the 2005 (the last year to mark any growth of the franchise).  (Exhibit 12 – 2014 FDD)

131.    The revenues of Curves did not reflect the decline in its system.  For instance, in 2008, Curves had a gross profit of $73,227,650.00; in 2009, the gross profit was $58,562,777.00; and by 2013, the gross profit was $61,255,666.00.

132.    The revenues of Curves did not reflect the decline in the system because as the sale of franchises declined Curves turned its attention to requiring franchisees to make purchases through their required vendors that were either owned directly by Curves/Curves representatives or gave Curves "kickbacks." (as highlighted in paragraph 117 above)

133.    If franchisees refused to buy the "required" purchases, they received threats of having their franchise taken off the Curve website, taken away, and/or legal actions.

134.    Much of Curves' early success was built on federally-guaranteed loans to franchisees from the U.S. Small Business Administration.  By 2010, Curves franchisees had the fourth-highest rate of loans going into default of any franchise in the county.

135.    On July 31, 2012, Howard Gary Heavin and Diane Heavin sold majority ownership of Curves to North Castle Partners V, L.P.

136.    That North Castle Partners V, L.P. paid a substantial amount (undisclosed) for the ownership in Curves.

137.    That the money paid by North Castle Partners V, L.P., was not used in any way to improve the franchise system.  Instead it apparently went to the enrichment of the founders of the failed system.

138.    While Curves continued/continues to prosper, the franchisees did/do not.  A franchisee facing eminent demise is provided no good options by Curves.

139.    If a franchisee fails to make a payment to the franchisor, it is subject to

termination of its franchise.  Upon termination, Curves has the right to purchase any or all of the assets of the franchisee.

140.     When a franchisee is struggling and wanting to sell its location, it receives little to no support from corporate office, which instead turned its head and only paid enough attention to a collect various fees including a transfer fee if a franchisee was lucky enough to sell their location.

141.     In fact, Curves often blames the failure of the franchisees on the resale of locations by franchisees, claiming "he [Heavin] was limited in what we could do to deny a resale."  (Exhibit 9)  This could not be farther from the truth, as the franchisor, Curves, has every right to limit a resale and even provide for it in their own franchise agreement.

142.     Case in point, Curves, by and through its representatives, have conceded on many occasions to not providing support to its franchisees, along with other numerous responsibilities owed to franchisees, and even admitted to the following:

   a.   "The problem with fast success, Canarick said, is that the owners weren't able to put the systems in place quickly enough." (Exhibit 10)

IX. Franchisor's Responsibilities Under Franchise Agreement

143.     That under the franchise agreements signed by each and every Plaintiff herein, the franchisor agreed to assume certain responsibilities.

144.     That these responsibilities included, but were not limited to, each of the following:

   a.   Opening Assistance:  Franchisor agreed to provide assistance for up to four (4) days during the opening period of the franchisee's facility.

   b.   Training: Once the franchisee was in possession of the approved location, but

before the franchisee may open the unit, the franchisor agreed to provide one

initial training course, the cost which is a part of the initial franchise fee.

    c.   <u>Periodic Review:</u>  The Franchisor agreed to provide periodic review of

franchisee's sales, promotional efforts, and financial status with suggestions as to

any improvements.

    d.   <u>Ongoing support:</u>  Franchisor agreed to conduct merchandising, marketing and

advertising research in order to collect data and advise franchisees.  It further

agreed to communicate new developments, techniques and improvements to the

system, along with ongoing support including communication and advice.

    e.   <u>Maintenance:</u>  The Franchisor agreed to maintain and develop Curves including

the reputation, public image, and goodwill in order to establish a firm foundation

for its franchisees.

    f.   <u>Advertising:</u> The Franchisor requires franchisees to pay a monthly fee for

advertising in order to provide national, regional, or local media or other

marketing techniques or programs designated to communicate the services of the

franchisees to the public.

145.    In general, the Franchisor assumed the duty to monitor the operations of its

franchisees and provide assistance and guidance by either requests from the franchisee

or franchisor's own inspection of the franchisee's operations.

146.    Plaintiffs found out, only after paying their initial franchise fee, that Curves did

not have the personnel, infrastructure, and/or resources necessary to fulfill the

obligations owed to them in the franchise agreement, not to mention all the written/oral

promises/representations.

147.    Of the Plaintiffs, very few actually received any opening support and those who did receive such support were given only minimal assistance.

148.    While initial training was to be provided to Plaintiffs, it was rarely enforced and in some cases, skipped completely.

149.    Plaintiffs never received periodic reviews, visits, or ongoing support.

150.    Plaintiffs received minimal advertising in comparison to the millions of dollars a year they contributed to an advertising budget.

151.    In fact, for a couple of years, Plaintiffs received no advertising nationally or regionally.  Plaintiffs instead received minimal, ineffective, and outdated advertising materials for them to print and use locally.  The lack of national and regional advertising significantly affected Plaintiffs' member retention, a fact communicated to Curves on many occasions with no response.

152.    Part of maintaining the brand, includes providing care, support, and commitment to the franchisees that are the cornerstone of brand recognition.  Without franchisees, Curves could never have built the brand to which it claims all rights.

153.    Had Plaintiffs been aware of the lack of support, commitment, maintenance, and general good faith of Curves, they would have never executed a franchise agreement nor invested substantial amounts of time and money.

### X.  The House of Cards/The Illusion of the System

154.    That Defendant Howard Gary Heavin has created the "house of cards" known as Curves.

155.    That, at all times relevant herein, Defendant Howard Gary Heavin was the architect and constructor of said house/Curves.

156.    That Defendant Howard Gary Heavin carefully crafted each level of the house/Curves from the inception.

157.    That the base of the house/Curves is Defendant Howard Gary Heavin's Curves concept and that Defendant Howard Gary Heavin began to build up the levels of the house/Curves by selling franchises.

158.    That Defendant Howard Gary Heavin knowingly and intentionally constructed the house/Curves with too many levels on a based that couldn't support the weight.

159.    As Defendant Howard Gary Heavin continues to build up the levels of the house/Curves he never expanded the base/foundation to support the additional levels/franchisees.

160.    That Defendant Howard Gary Heavin was aware that the base/foundation was starting to crumble under the weight but failed to correct or fix the foundation and instead concocted further revenue streams which placed further stress/weight on the upper levels of the house/the franchisees.

161.    That Defendant Howard Gary Heavin knew as early as 2003 that ultimately the house/Curves would collapse but failed and omitted said material information from current and former franchisees. (Exhibit 8)

162.    That once Defendant Howard Gary Heavin knew that he could not put any further pressure on the house/Curves without complete collapse, he sold his interest to North Castle Partners.

163.    That Howard Gary Heavin was at all times relevant directly involved in all aspects of the Curves franchise from inception to franchise sales to sales representations.

164.    That Defendant Howard Gary Heavin is still heavily involved as a Director of

Curves and even claims in an article that all "big" ideas came from him. (Exhibit 7 – Page 10).

## COUNT 1: ANNE ARMSTRONG, DELBERT ARMSTRONG & A2D ENTERPRISES, LLC BREACH OF CONTRACT

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

165.    Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

166.    That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

167.    That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

   a.   Opening Assistance

   b.   Training;

   c.   Periodic Review;

   d.   Ongoing Support;

   e.   Maintenance;

   f.   Protected Territories; and

   g.   Advertising

168.    That Defendants have failed to meet its obligations under the franchise agreement.

169.    That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

170.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

## COUNT 2: BEVERLY BARCUS, KENT BARCUS, BEVERLYRUTH, LLC
## BREACH OF CONTRACT

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

171.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

172.     That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

173.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.  Opening Assistance

    b.  Training;

    c.  Periodic Review;

    d.  Ongoing Support;

    e.  Maintenance;

    f.  Protected Territories; and

    g.  Advertising

174.     That Defendants have failed to meet its obligations under the franchise agreement.

175.    That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

176.    That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 3: WOMEN'S FITNESS OF WAUSAU, INC.</u>
<u>BREACH OF CONTRACT</u>
<u>(WAUSAU)</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

177.    Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

178.    That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

179.    That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.  Opening Assistance

    b.  Training;

    c.  Periodic Review;

    d.  Ongoing Support;

    e.  Maintenance;

      f.   Protected Territories; and

      g.   Advertising

180.     That Defendants have failed to meet its obligations under the franchise agreement.

181.     That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

182.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 4: WOMEN'S FITNESS OF WAUSAU, INC.</u>
<u>VIOLATION OF THE TEXAS BUSINESS OPPORTUNITIES ACT</u>
<u>(WAUSAU)</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants states as follows:

183.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of the Petition for Damages.

184.     The Texas Business Opportunities Act §51.001 through §51.302, govern the offer or sale of business opportunities in the State of Texas.

185.     That under Texas Business Opportunities Act §51.003, the sale of a franchise defined by 16 C.F.R. Part 436 is considered a business opportunity and covered as such under the Texas Business Opportunities Act if the franchisor failed to comply in all

material respects in the State of Texas with 16 C.F.R. Part 436 and each order or other action of the Federal Trade Commission.

186.    That the Defendants, the franchisor, in fact, failed to comply in several material respects in the State of Texas with 16 C.F.R. Part 436 and other actions of the Federal Trade Commission as highlighted in the above referenced paragraphs.

187.    That the Texas Business Opportunities Act §51.004 requires liberal interpretation and application in order to protect persons against false, misleading, or deceptive practices in the sale of a business opportunity and efficient and economical procedures to secure that protection.

188.    That the Texas Business Opportunities Act §51.004 additionally requires, to the extent possible, the Court follow the interpretations given by the Federal Trade Commission and the Federal courts to Section 5(a)(1), Federal Trade Commission Act (15 U.S.C. Section 45 (a)(1)), and 16 C.F.R. Part 436 and their subsequent amendments.

189.    Defendants violated the Texas Business Opportunities Act §51.301(1) by, in connection with the offer and sale of a franchise to Plaintiffs, employing a representation, device, scheme or artifice to deceive a purchaser/the Plaintiffs.

190.    Defendants violated the Texas Business Opportunities Act §51.301(2) by, in connection with the offer and sale of a franchise to Plaintiffs, making untrue statements of material fact or omitting to state a material fact in connection with the documents and information required to be provided to the Plaintiffs.

191.    Defendants violated the Texas Business Opportunities Act §51.301(3) by, in connection with the offer and sale of a franchise to Plaintiffs, representing that the business opportunity provides or will provide income or earning potential.

192.     Defendants violated the Texas Business Opportunities Act §51.301(4) by, in connection with the offer and sale of a franchise to Plaintiffs, making claims or representations that are inconsistent with the information required to be disclosed.

193.     Defendants failed to comply in all material respects in the State of Texas with the disclosure requirements and prohibitions concerning franchising in the FTC regulations applicable to the franchisor.

194.     Defendants concealed, withheld from discovery and suppressed the facts giving rise to the aforesaid claim.

195.     That the conduct of Defendants as aforesaid was intentional and deliberate.

196.     That as a result of the aforesaid conduct of the Defendants, Plaintiffs sustained economic damages and mental anguish.

197.     Pursuant to the Business Opportunities Act §51.302, Plaintiffs are entitled to recover up to three times the amount of damages for mental anguish and economic damages along with reasonable and necessary attorneys' fees and Court costs.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 5: WOMEN'S FITNESS OF WAUSAU, INC.
VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES-CONSUMER
PROTECTION ACT
(WAUSAU)

COMES NOW, Plaintiffs and for their cause of action against Defendants states as follows:

198.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of the Petition for Damages.

199.     The Texas Deceptive Trade Practices-Consumer Protection Act §17.41 through
§17.63, is intended to protect consumers against false, misleading, and deceptive
business practices, unconscionable actions, and breaches of warranty and to provide
efficient and economical procedures to secure such protection.

200.     That the Texas Deceptive Trade Practices-Consumer Protection Act §17.44
requires liberal interpretation and application to promotes its underlying purposes.

201.     That Plaintiffs are a "consumer" and/or "business consumer" within the meaning
of §§17.45(4) and (10) of the Texas Deceptive Trade Practices-Consumer Protection
Act.

202.     That Defendants are "persons" as defined by §17.45(3) of the Texas Deceptive
Trade Practices-Consumer Protection Act.

203.     The sale of franchises at issue in this case constitute "trade" and "commerce"
within the meaning of §17.45(6) of the Texas Deceptive Trade Practices-Consumer
Protection Act.

204.     That the Texas Deceptive Trade Practices-Consumer Protection Act §17.45(5)
defines "unconscionable action or course of action" as an act or practice which, to a
consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or
capacity of the consumer to a grossly unfair degree.

205.     That the actions of Defendants, as fully set forth above, are unconscionable
actions or courses of actions.

206.     The actions of Defendants, as fully set forth above, constitute false, misleading, or
deceptive acts or practices in the conduct of any trade or commerce and are unlawful.
(§17.46 of the Texas Deceptive Trade Practices-Consumer Protection Act.)

207.     Specifically, Defendants used advertised goods or services with the intent not to sell them as advertised in violation of the Texas Deceptive Trade Practices-Consumer Protection Act §17.46(b)(9).

208.     Specifically, Defendants failed to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed in violation of the Texas Deceptive Trade Practices-Consumer Protection Act §17.46(b)(24).

209.     Defendants concealed, withheld from discovery and suppressed the facts giving rise to the aforesaid claim.

210.     That the conduct of Defendants as aforesaid was intentional and deliberate.

211.     That as a result of the aforesaid actions and courses of action of the Defendants, Plaintiffs sustained economic damages and mental anguish.

212.     Pursuant to the Texas Deceptive Trade Practices-Consumer Protection Act §17.50, Plaintiffs are entitled to recover up to three times the amount of damages for mental anguish and economic damages along with reasonable and necessary attorneys' fees and Court costs.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 6: WOMEN'S FITNESS OF WAUSAU, INC.</u>
<u>BREACH OF CONTRACT</u>
<u>(BOULDER CITY)</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

213.    Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

214.    That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

215.    That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

   a.   Opening Assistance

   b.   Training;

   c.   Periodic Review;

   d.   Ongoing Support;

   e.   Maintenance;

   f.   Protected Territories; and

   g.   Advertising

216.    That Defendants have failed to meet its obligations under the franchise agreement.

217.    That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

218.    That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 7: WOMEN'S FITNESS OF WAUSAU, INC.
VIOLATION OF THE TEXAS BUSINESS OPPORTUNITIES ACT
(BOULDER CITY)

COMES NOW, Plaintiffs and for their cause of action against Defendants states as follows:

219.  Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of the Petition for Damages.

220.  The Texas Business Opportunities Act §51.001 through §51.302, govern the offer or sale of business opportunities in the State of Texas.

221.  That under Texas Business Opportunities Act §51.003, the sale of a franchise defined by 16 C.F.R. Part 436 is considered a business opportunity and covered as such under the Texas Business Opportunities Act if the franchisor failed to comply in all material respects in the State of Texas with 16 C.F.R. Part 436 and each order or other action of the Federal Trade Commission.

222.  That the Defendants, the franchisor, in fact, failed to comply in several material respects in the State of Texas with 16 C.F.R. Part 436 and other actions of the Federal Trade Commission as highlighted in the above referenced paragraphs.

223.  That the Texas Business Opportunities Act §51.004 requires liberal interpretation and application in order to protect persons against false, misleading, or deceptive practices in the sale of a business opportunity and efficient and economical procedures to secure that protection.

224.    That the Texas Business Opportunities Act §51.004 additionally requires, to the extent possible, the Court follow the interpretations given by the Federal Trade Commission and the Federal courts to Section 5(a)(1), Federal Trade Commission Act (15 U.S.C. Section 45 (a)(1)), and 16 C.F.R. Part 436 and their subsequent amendments.

225.    Defendants violated the Texas Business Opportunities Act §51.301(1) by, in connection with the offer and sale of a franchise to Plaintiffs, employing a representation, device, scheme or artifice to deceive a purchaser/the Plaintiffs.

226.    Defendants violated the Texas Business Opportunities Act §51.301(2) by, in connection with the offer and sale of a franchise to Plaintiffs, making untrue statements of material fact or omitting to state a material fact in connection with the documents and information required to be provided to the Plaintiffs.

227.    Defendants violated the Texas Business Opportunities Act §51.301(3) by, in connection with the offer and sale of a franchise to Plaintiffs, representing that the business opportunity provides or will provide income or earning potential.

228.    Defendants violated the Texas Business Opportunities Act §51.301(4) by, in connection with the offer and sale of a franchise to Plaintiffs, making claims or representations that are inconsistent with the information required to be disclosed.

229.    Defendants failed to comply in all material respects in the State of Texas with the disclosure requirements and prohibitions concerning franchising in the FTC regulations applicable to the franchisor.

230.    Defendants concealed, withheld from discovery and suppressed the facts giving rise to the aforesaid claim.

231.    That the conduct of Defendants as aforesaid was intentional and deliberate.

232.    That as a result of the aforesaid conduct of the Defendants, Plaintiffs sustained economic damages and mental anguish.

233.    Pursuant to the Business Opportunities Act §51.302, Plaintiffs are entitled to recover up to three times the amount of damages for mental anguish and economic damages along with reasonable and necessary attorneys' fees and Court costs.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 8: WOMEN'S FITNESS OF WAUSAU, INC.</u>
<u>VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES-CONSUMER</u>
<u>PROTECTION ACT</u>
<u>(BOULDER CITY)</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants states as follows:

234.    Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of the Petition for Damages.

235.    The Texas Deceptive Trade Practices-Consumer Protection Act §17.41 through §17.63, is intended to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection.

236.    That the Texas Deceptive Trade Practices-Consumer Protection Act §17.44 requires liberal interpretation and application to promotes its underlying purposes.

237.    That Plaintiffs are a "consumer" and/or "business consumer" within the meaning of §§17.45(4) and (10) of the Texas Deceptive Trade Practices-Consumer Protection Act.

238.    That Defendants are "persons" as defined by §17.45(3) of the Texas Deceptive Trade Practices-Consumer Protection Act.

239.    The sale of franchises at issue in this case constitute "trade" and "commerce" within the meaning of §17.45(6) of the Texas Deceptive Trade Practices-Consumer Protection Act.

240.    That the Texas Deceptive Trade Practices-Consumer Protection Act §17.45(5) defines "unconscionable action or course of action" as an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree.

241.    That the actions of Defendants, as fully set forth above, are unconscionable actions or courses of actions.

242.    The actions of Defendants, as fully set forth above, constitute false, misleading, or deceptive acts or practices in the conduct of any trade or commerce and are unlawful. (§17.46 of the Texas Deceptive Trade Practices-Consumer Protection Act.)

243.    Specifically, Defendants used advertised goods or services with the intent not to sell them as advertised in violation of the Texas Deceptive Trade Practices-Consumer Protection Act §17.46(b)(9).

244.    Specifically, Defendants failed to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed in violation of the Texas Deceptive Trade Practices-Consumer Protection Act §17.46(b)(24).

245.     Defendants concealed, withheld from discovery and suppressed the facts giving

rise to the aforesaid claim.

246.     That the conduct of Defendants as aforesaid was intentional and deliberate.

247.     That as a result of the aforesaid actions and courses of action of the Defendants,

Plaintiffs sustained economic damages and mental anguish.

248.     Pursuant to the Texas Deceptive Trade Practices-Consumer Protection Act

§17.50, Plaintiffs are entitled to recover up to three times the amount of damages for

mental anguish and economic damages along with reasonable and necessary attorneys'

fees and Court costs.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and

each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein

expended, and for such other relief that the Court deems just and proper.

<u>COUNT 9: WOMEN'S FITNESS OF WAUSAU, INC.</u>
<u>BREACH OF CONTRACT</u>
<u>(MARATHON)</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as

follows:

249.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each

and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

250.     That Plaintiffs and Defendant, Curves International, Inc., entered into a written

franchise agreement(s) concerning the operation of her location(s).

251.     That pursuant to that franchise agreement(s), Defendants agreed to provide the

following, including but not limited to:

a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance;

    f.   Protected Territories; and

    g.   Advertising

252.      That Defendants have failed to meet its obligations under the franchise agreement.

253.      That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

254.      That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 10: WOMEN'S FITNESS OF WAUSAU, INC.</u>
<u>VIOLATION OF THE TEXAS BUSINESS OPPORTUNITIES ACT</u>
<u>(MARATHON)</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants states as follows:

255.      Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of the Petition for Damages.

256.      The Texas Business Opportunities Act §51.001 through §51.302, govern the offer or sale of business opportunities in the State of Texas.

257.     That under Texas Business Opportunities Act §51.003, the sale of a franchise defined by 16 C.F.R. Part 436 is considered a business opportunity and covered as such under the Texas Business Opportunities Act if the franchisor failed to comply in all material respects in the State of Texas with 16 C.F.R. Part 436 and each order or other action of the Federal Trade Commission.

258.     That the Defendants, the franchisor, in fact, failed to comply in several material respects in the State of Texas with 16 C.F.R. Part 436 and other actions of the Federal Trade Commission as highlighted in the above referenced paragraphs.

259.     That the Texas Business Opportunities Act §51.004 requires liberal interpretation and application in order to protect persons against false, misleading, or deceptive practices in the sale of a business opportunity and efficient and economical procedures to secure that protection.

260.     That the Texas Business Opportunities Act §51.004 additionally requires, to the extent possible, the Court follow the interpretations given by the Federal Trade Commission and the Federal courts to Section 5(a)(1), Federal Trade Commission Act (15 U.S.C. Section 45 (a)(1)), and 16 C.F.R. Part 436 and their subsequent amendments.

261.     Defendants violated the Texas Business Opportunities Act §51.301(1) by, in connection with the offer and sale of a franchise to Plaintiffs, employing a representation, device, scheme or artifice to deceive a purchaser/the Plaintiffs.

262.     Defendants violated the Texas Business Opportunities Act §51.301(2) by, in connection with the offer and sale of a franchise to Plaintiffs, making untrue statements of material fact or omitting to state a material fact in connection with the documents and information required to be provided to the Plaintiffs.

263.     Defendants violated the Texas Business Opportunities Act §51.301(3) by, in connection with the offer and sale of a franchise to Plaintiffs, representing that the business opportunity provides or will provide income or earning potential.

264.     Defendants violated the Texas Business Opportunities Act §51.301(4) by, in connection with the offer and sale of a franchise to Plaintiffs, making claims or representations that are inconsistent with the information required to be disclosed.

265.     Defendants failed to comply in all material respects in the State of Texas with the disclosure requirements and prohibitions concerning franchising in the FTC regulations applicable to the franchisor.

266.     Defendants concealed, withheld from discovery and suppressed the facts giving rise to the aforesaid claim.

267.     That the conduct of Defendants as aforesaid was intentional and deliberate.

268.     That as a result of the aforesaid conduct of the Defendants, Plaintiffs sustained economic damages and mental anguish.

269.     Pursuant to the Business Opportunities Act §51.302, Plaintiffs are entitled to recover up to three times the amount of damages for mental anguish and economic damages along with reasonable and necessary attorneys' fees and Court costs.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 11: WOMEN'S FITNESS OF WAUSAU, INC.</u>
<u>VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES-CONSUMER</u>
<u>PROTECTION ACT</u>
<u>(MARATHON)</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants states as follows:

270.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of the Petition for Damages.

271.     The Texas Deceptive Trade Practices-Consumer Protection Act §17.41 through §17.63, is intended to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection.

272.     That the Texas Deceptive Trade Practices-Consumer Protection Act §17.44 requires liberal interpretation and application to promotes its underlying purposes.

273.     That Plaintiffs are a "consumer" and/or "business consumer" within the meaning of §§17.45(4) and (10) of the Texas Deceptive Trade Practices-Consumer Protection Act.

274.     That Defendants are "persons" as defined by §17.45(3) of the Texas Deceptive Trade Practices-Consumer Protection Act.

275.     The sale of franchises at issue in this case constitute "trade" and "commerce" within the meaning of §17.45(6) of the Texas Deceptive Trade Practices-Consumer Protection Act.

276.     That the Texas Deceptive Trade Practices-Consumer Protection Act §17.45(5) defines "unconscionable action or course of action" as an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree.

277.     That the actions of Defendants, as fully set forth above, are unconscionable actions or courses of actions.

278.     The actions of Defendants, as fully set forth above, constitute false, misleading, or deceptive acts or practices in the conduct of any trade or commerce and are unlawful. (§17.46 of the Texas Deceptive Trade Practices-Consumer Protection Act.)

279.     Specifically, Defendants used advertised goods or services with the intent not to sell them as advertised in violation of the Texas Deceptive Trade Practices-Consumer Protection Act §17.46(b)(9).

280.     Specifically, Defendants failed to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed in violation of the Texas Deceptive Trade Practices-Consumer Protection Act §17.46(b)(24).

281.     Defendants concealed, withheld from discovery and suppressed the facts giving rise to the aforesaid claim.

282.     That the conduct of Defendants as aforesaid was intentional and deliberate.

283.     That as a result of the aforesaid actions and courses of action of the Defendants, Plaintiffs sustained economic damages and mental anguish.

284.     Pursuant to the Texas Deceptive Trade Practices-Consumer Protection Act §17.50, Plaintiffs are entitled to recover up to three times the amount of damages for mental anguish and economic damages along with reasonable and necessary attorneys' fees and Court costs.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 12:  GAIL BERQUIST & GB FITNESS, LLC</u>
<u>BREACH OF CONTRACT</u>
<u>(GOLDEN GATE ESTATES)</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

285.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

286.     That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

287.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.  Opening Assistance

    b.  Training;

    c.  Periodic Review;

    d.  Ongoing Support;

    e.  Maintenance;

    f.  Protected Territories; and

    g.  Advertising

288.     That Defendants have failed to meet its obligations under the franchise agreement.

289.     That Defendants breached their contract(s) with Plaintiffs in additional respects

including, the implied covenant of good faith and fair dealing, including, but not limited

to, oversaturation of the market.

290.     That as a direct and proximate result of the breach of Defendants as aforesaid,

Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants,

and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein

expended, and for such other relief that the Court deems just and proper.

<u>COUNT 13:  GAIL BERQUIST & GB FITNESS, LLC</u>
<u>BREACH OF CONTRACT</u>
<u>(NAPLES)</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as

follows:

291.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each

and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

292.     That Plaintiffs and Defendant, Curves International, Inc., entered into a written

franchise agreement(s) concerning the operation of her location(s).

293.     That pursuant to that franchise agreement(s), Defendants agreed to provide the

following, including but not limited to:

    a.  Opening Assistance

    b.  Training;

    c.  Periodic Review;

    d.  Ongoing Support;

    e.  Maintenance;

      f.   Protected Territories; and

      g.   Advertising

294.     That Defendants have failed to meet its obligations under the franchise agreement.

295.     That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

296.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 14: CARLA BIRCH</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

297.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

298.     That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

299.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

      a.   Opening Assistance

      b.   Training;

    c.  Periodic Review;

    d.  Ongoing Support;

    e.  Maintenance;

    f.  Protected Territories; and

    g.  Advertising

300.     That Defendants have failed to meet its obligations under the franchise agreement.

301.     That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

302.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 15: RACHEAL BLACKMORE & ONE CANDLE, LLC</u>
<u>BREACH OF CONTRACT</u>
<u>(SALINE)</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

303.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

304.     That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

305.     That pursuant to that franchise agreement(s), Defendants agreed to provide the

following, including but not limited to:

    a.  Opening Assistance

    b.  Training;

    c.  Periodic Review;

    d.  Ongoing Support;

    e.  Maintenance;

    f.  Protected Territories; and

    g.  Advertising

306.     That Defendants have failed to meet its obligations under the franchise agreement.

307.     That Defendants breached their contract(s) with Plaintiffs in additional respects

including, the implied covenant of good faith and fair dealing, including, but not limited

to, oversaturation of the market.

308.     That as a direct and proximate result of the breach of Defendants as aforesaid,

Plaintiffs sustained damage.

   WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants,

and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein

expended, and for such other relief that the Court deems just and proper.

<u>COUNT 16: ONE CANDLE, LLC</u>
<u>BREACH OF CONTRACT</u>
<u>(HOLLAND)</u>

   COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

309.     Plaintiff realleges and incorporates by reference as a fully set forth herein of each

and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

310.     That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of its location(s).

311.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance;

    f.   Protected Territories; and

    g.   Advertising

312.     That Defendants have failed to meet its obligations under the franchise agreement.

313.     That Defendants breached their contract(s) with Plaintiff in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

314.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, its costs herein expended, and for such other relief that the Court deems just and proper.

## COUNT 17: JACQUELINE BLANTON & PHYLLIS DUHE & ULTIMATE BLESSINGS,LLC
## BREACH OF CONTRACT

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

315.    Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

316.    That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

317.    That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.  Opening Assistance

    b.  Training;

    c.  Periodic Review;

    d.  Ongoing Support;

    e.  Maintenance;

    f.  Protected Territories; and

    g.  Advertising

318.    That Defendants have failed to meet its obligations under the franchise agreement.

319.    That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

320.    That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

### COUNT 18: JACQUELINE BLANTON & PHYLLIS DUHE & ULTIMATE BLESSINGS, LLC
### VIOLATION OF THE TEXAS BUSINESS OPPORTUNITIES ACT

COMES NOW, Plaintiffs and for their cause of action against Defendants states as follows:

321.    Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of the Petition for Damages.

322.    The Texas Business Opportunities Act §51.001 through §51.302, govern the offer or sale of business opportunities in the State of Texas.

323.    That under Texas Business Opportunities Act §51.003, the sale of a franchise defined by 16 C.F.R. Part 436 is considered a business opportunity and covered as such under the Texas Business Opportunities Act if the franchisor failed to comply in all material respects in the State of Texas with 16 C.F.R. Part 436 and each order or other action of the Federal Trade Commission.

324.    That the Defendants, the franchisor, in fact, failed to comply in several material respects in the State of Texas with 16 C.F.R. Part 436 and other actions of the Federal Trade Commission as highlighted in the above referenced paragraphs.

325.    That the Texas Business Opportunities Act §51.004 requires liberal interpretation and application in order to protect persons against false, misleading, or deceptive practices in the sale of a business opportunity and efficient and economical procedures to secure that protection.

326.    That the Texas Business Opportunities Act §51.004 additionally requires, to the extent possible, the Court follow the interpretations given by the Federal Trade Commission and the Federal courts to Section 5(a)(1), Federal Trade Commission Act (15 U.S.C. Section 45 (a)(1)), and 16 C.F.R. Part 436 and their subsequent amendments.

327.    Defendants violated the Texas Business Opportunities Act §51.301(1) by, in connection with the offer and sale of a franchise to Plaintiffs, employing a representation, device, scheme or artifice to deceive a purchaser/the Plaintiffs.

328.    Defendants violated the Texas Business Opportunities Act §51.301(2) by, in connection with the offer and sale of a franchise to Plaintiffs, making untrue statements of material fact or omitting to state a material fact in connection with the documents and information required to be provided to the Plaintiffs.

329.    Defendants violated the Texas Business Opportunities Act §51.301(3) by, in connection with the offer and sale of a franchise to Plaintiffs, representing that the business opportunity provides or will provide income or earning potential.

330.    Defendants violated the Texas Business Opportunities Act §51.301(4) by, in connection with the offer and sale of a franchise to Plaintiffs, making claims or representations that are inconsistent with the information required to be disclosed.

331.    Defendants failed to comply in all material respects in the State of Texas with the disclosure requirements and prohibitions concerning franchising in the FTC regulations applicable to the franchisor.

332.    Defendants concealed, withheld from discovery and suppressed the facts giving rise to the aforesaid claim.

333.    That the conduct of Defendants as aforesaid was intentional and deliberate.

334.    That as a result of the aforesaid conduct of the Defendants, Plaintiffs sustained economic damages and mental anguish.

335.    Pursuant to the Business Opportunities Act §51.302, Plaintiffs are entitled to recover up to three times the amount of damages for mental anguish and economic damages along with reasonable and necessary attorneys' fees and Court costs.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 19: JACQUELINE BLANTON & PHYLLIS DUHE & ULTIMATE BLESSINGS, LLC
VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT

COMES NOW, Plaintiffs and for their cause of action against Defendants states as follows:

336.    Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of the Petition for Damages.

337.    The Texas Deceptive Trade Practices-Consumer Protection Act §17.41 through §17.63, is intended to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection.

338.    That the Texas Deceptive Trade Practices-Consumer Protection Act §17.44 requires liberal interpretation and application to promotes its underlying purposes.

339.    That Plaintiffs are a "consumer" and/or "business consumer" within the meaning of §§17.45(4) and (10) of the Texas Deceptive Trade Practices-Consumer Protection Act.

340.     That Defendants are "persons" as defined by §17.45(3) of the Texas Deceptive Trade Practices-Consumer Protection Act.

341.     The sale of franchises at issue in this case constitute "trade" and "commerce" within the meaning of §17.45(6) of the Texas Deceptive Trade Practices-Consumer Protection Act.

342.     That the Texas Deceptive Trade Practices-Consumer Protection Act §17.45(5) defines "unconscionable action or course of action" as an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree.

343.     That the actions of Defendants, as fully set forth above, are unconscionable actions or courses of actions.

344.     The actions of Defendants, as fully set forth above, constitute false, misleading, or deceptive acts or practices in the conduct of any trade or commerce and are unlawful. (§17.46 of the Texas Deceptive Trade Practices-Consumer Protection Act.)

345.     Specifically, Defendants used advertised goods or services with the intent not to sell them as advertised in violation of the Texas Deceptive Trade Practices-Consumer Protection Act §17.46(b)(9).

346.     Specifically, Defendants failed to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed in violation of the Texas Deceptive Trade Practices-Consumer Protection Act §17.46(b)(24).

347.     Defendants concealed, withheld from discovery and suppressed the facts giving rise to the aforesaid claim.

348.     That the conduct of Defendants as aforesaid was intentional and deliberate.

349.     That as a result of the aforesaid actions and courses of action of the Defendants, Plaintiffs sustained economic damages and mental anguish.

350.     Pursuant to the Texas Deceptive Trade Practices-Consumer Protection Act §17.50, Plaintiffs are entitled to recover up to three times the amount of damages for mental anguish and economic damages along with reasonable and necessary attorneys' fees and Court costs.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 20: HI HEELS, LLC</u>
<u>BREACH OF CONTRACT</u>
<u>(LAFAYETTE-NORTH)</u>

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

351.     Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

352.     That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of its location(s).

353.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

   a.   Opening Assistance

   b.   Training;

     c.   Periodic Review;

     d.   Ongoing Support;

     e.   Maintenance;

     f.   Protected Territories; and

     g.   Advertising

354.     That Defendants have failed to meet its obligations under the franchise agreement.

355.     That Defendants breached their contract(s) with Plaintiff in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

356.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, its costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 21: KERRIE CHATELAIN
BREACH OF CONTRACT
(LAFAYETTE- SOUTH)

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

357.     Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

358.     That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

359.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance;

    f.   Protected Territories; and

    g.   Advertising

360.     That Defendants have failed to meet its obligations under the franchise agreement.

361.     That Defendants breached their contract(s) with Plaintiff in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

362.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, her costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 22: DARLENE CLARY & DAR JAC, LLC</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

363.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

364.    That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

365.    That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance;

    f.   Protected Territories; and

    g.   Advertising

366.    That Defendants have failed to meet its obligations under the franchise agreement.

367.    That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

368.    That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 23: TERESA COLLIER
BREACH OF CONTRACT
(SPARTANBURG)

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

369.     Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

370.     That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

371.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.  Opening Assistance

    b.  Training;

    c.  Periodic Review;

    d.  Ongoing Support;

    e.  Maintenance;

    f.  Protected Territories; and

    g.  Advertising

372.     That Defendants have failed to meet its obligations under the franchise agreement.

373.     That Defendants breached their contract(s) with Plaintiff in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

374.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, her costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 24: TERESA COLLIER<br>BREACH OF CONTRACT

<u>(DUNCAN)</u>

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

375.     Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

376.     That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

377.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

   a.   Opening Assistance

   b.   Training;

   c.   Periodic Review;

   d.   Ongoing Support;

   e.   Maintenance;

   f.   Protected Territories; and

   g.   Advertising

378.     That Defendants have failed to meet its obligations under the franchise agreement.

379.     That Defendants breached their contract(s) with Plaintiff in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

380.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, her costs herein expended, and for such other relief that the Court deems just and proper.

## COUNT 25: CLESTA COLLINS & ROGER COLLINS
## BREACH OF CONTRACT

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

381.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

382.     That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

383.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

     a.  Opening Assistance

     b.  Training;

     c.  Periodic Review;

     d.  Ongoing Support;

     e.  Maintenance;

     f.  Protected Territories; and

     g.  Advertising

384.     That Defendants have failed to meet its obligations under the franchise agreement.

385.     That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

386.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 26: TIFFANY COLLINS & ZACHARY COLLINS
BREACH OF CONTRACT

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

387.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

388.     That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

389.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

a.   Opening Assistance

b.   Training;

c.   Periodic Review;

d.   Ongoing Support;

e.   Maintenance;

f.   Protected Territories; and

g.   Advertising

390.     That Defendants have failed to meet its obligations under the franchise agreement.

391.     That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

392.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 27: DENISE COOKE, ALAN COOKE, & BE STRONG, LLC<br>BREACH OF CONTRACT</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

393.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

394.     That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

395.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.  Opening Assistance

    b.  Training;

    c.  Periodic Review;

    d.  Ongoing Support;

    e.  Maintenance;

  f. Protected Territories; and

  g. Advertising

396. That Defendants have failed to meet its obligations under the franchise agreement.

397. That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

398. That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 28: BODY DESIGN, INC.
BREACH OF CONTRACT

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

399. Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

400. That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

401. That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

  a. Opening Assistance

  b. Training;

    c.  Periodic Review;

    d.  Ongoing Support;

    e.  Maintenance;

    f.  Protected Territories; and

    g.  Advertising

402.    That Defendants have failed to meet its obligations under the franchise agreement.

403.    That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

404.    That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

## COUNT 29: LEE LYNN LIFESTYLES, LLC, CAROL COY, & JO LYNN NELSON
## BREACH OF CONTRACT
## (MURRAY)

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

405.    Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

406.    That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

407.    That pursuant to that franchise agreement(s), Defendants agreed to provide the

following, including but not limited to:

  a.  Opening Assistance

  b.  Training;

  c.  Periodic Review;

  d.  Ongoing Support;

  e.  Maintenance;

  f.  Protected Territories; and

  g.  Advertising

408.    That Defendants have failed to meet its obligations under the franchise agreement.

409.    That Defendants breached their contract(s) with Plaintiffs in additional respects

including, the implied covenant of good faith and fair dealing, including, but not limited

to, oversaturation of the market.

410.    That as a direct and proximate result of the breach of Defendants as aforesaid,

Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants,

and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein

expended, and for such other relief that the Court deems just and proper.

<u>COUNT 30: LEE LYNN LIFESTYLES, LLC, CAROL COY, & JO LYNN NELSON</u>
<u>BREACH OF CONTRACT</u>
<u>(TAYLORSVILLE)</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as

follows:

411.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

412.     That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

413.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance;

    f.   Protected Territories; and

    g.   Advertising

414.     That Defendants have failed to meet its obligations under the franchise agreement.

415.     That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

416.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 31: AB DRAPER, LLC<br>BREACH OF CONTRACT

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

417.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

418.     That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

419.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance;

    f.   Protected Territories; and

    g.   Advertising

420.     That Defendants have failed to meet its obligations under the franchise agreement.

421.     That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

422.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 32: DENISE EDMISTON
BREACH OF CONTRACT

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

423.   Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

424.   That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

425.   That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

   a.   Opening Assistance

   b.   Training;

   c.   Periodic Review;

   d.   Ongoing Support;

   e.   Maintenance;

   f.   Protected Territories; and

   g.   Advertising

426.   That Defendants have failed to meet its obligations under the franchise agreement.

427.   That Defendants breached their contract(s) with Plaintiff in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

428.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, her costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 33: MEGAN EDWARDS & SAINTFIELD, LLC</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

429.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

430.     That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

431.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.  Opening Assistance

    b.  Training;

    c.  Periodic Review;

    d.  Ongoing Support;

    e.  Maintenance;

    f.  Protected Territories; and

    g.  Advertising

432.     That Defendants have failed to meet its obligations under the franchise agreement.

433.     That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

434.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 34: GYPSE, LLC</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

435.     Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

436.     That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of its location(s).

437.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.  Opening Assistance

    b.  Training;

    c.  Periodic Review;

    d.  Ongoing Support;

    e.  Maintenance;

    f.  Protected Territories; and

g.  Advertising

438.     That Defendants have failed to meet its obligations under the franchise agreement.

439.     That Defendants breached their contract(s) with Plaintiff in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

440.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, its costs herein expended, and for such other relief that the Court deems just and proper.

## COUNT 35: EXECUTIVE ACCOUNTING & TAX SERVICE, LTD. & MAUREEN FLANIGAN KORZINSKI BREACH OF CONTRACT

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

441.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

442.     That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

443.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

a.  Opening Assistance

b.  Training;

c.  Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance;

    f.   Protected Territories; and

    g.   Advertising

444.      That Defendants have failed to meet its obligations under the franchise agreement.

445.      That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

446.      That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

## COUNT 36: RIVAH FIT CORPORATION
## BREACH OF CONTRACT

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

447.      Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

448.      That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

449.      That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

a.  Opening Assistance

b.  Training;

c.  Periodic Review;

d.  Ongoing Support;

e.  Maintenance;

f.  Protected Territories; and

g.  Advertising

450.    That Defendants have failed to meet its obligations under the franchise agreement.

451.    That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

452.    That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

## COUNT 37: K&M FITNESS, LLC, MATTHEW FORD & KRISTEN STODDARD BREACH OF CONTRACT

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

453.    Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

454.     That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

455.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance;

    f.   Protected Territories; and

    g.   Advertising

456.     That Defendants have failed to meet its obligations under the franchise agreement.

457.     That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

458.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 38: DIVA DEB, INC. &amp; DEBRA FREEDLAND</u><br><u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

459.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

460.     That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

461.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance;

    f.   Protected Territories; and

    g.   Advertising

462.     That Defendants have failed to meet its obligations under the franchise agreement.

463.     That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

464.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

## COUNT 39: CATHY FROST & FROST ENTERPRISES, INC.
## BREACH OF CONTRACT
## (NORWICH)

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

465.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

466.     That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

467.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

   a.   Opening Assistance

   b.   Training;

   c.   Periodic Review;

   d.   Ongoing Support;

   e.   Maintenance;

   f.   Protected Territories; and

   g.   Advertising

468.     That Defendants have failed to meet its obligations under the franchise agreement.

469.    That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

470.    That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 40: CATHY FROST & FROST ENTERPRISES V, INC.</u>
<u>BREACH OF CONTRACT</u>
<u>(NEEDHAM)</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

471.    Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

472.    That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

473.    That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

a.  Opening Assistance

b.  Training;

c.  Periodic Review;

d.  Ongoing Support;

e.  Maintenance;

f.   Protected Territories; and

g.   Advertising

474.   That Defendants have failed to meet its obligations under the franchise agreement.

475.   That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

476.   That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 41: CATHY FROST & FROST ENTERPRISES IV, INC.</u>
<u>BREACH OF CONTRACT</u>
<u>(NATICK)</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

477.   Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

478.   That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

479.   That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

a.   Opening Assistance

b.   Training;

    c.  Periodic Review;

    d.  Ongoing Support;

    e.  Maintenance;

    f.  Protected Territories; and

    g.  Advertising

480.     That Defendants have failed to meet its obligations under the franchise agreement.

481.     That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

482.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.


<u>COUNT 42: JIM GASSON, JR.</u>
<u>BREACH OF CONTRACT</u>
<u>(ALEXANDRIA)</u>


COMES NOW, Plaintiff and for his cause of action against Defendants, states as follows:

483.     Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

484.     That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of his location(s).

485.    That pursuant to that franchise agreement(s), Defendants agreed to provide the

following, including but not limited to:

     a.   Opening Assistance

     b.   Training;

     c.   Periodic Review;

     d.   Ongoing Support;

     e.   Maintenance;

     f.   Protected Territories; and

     g.   Advertising

486.    That Defendants have failed to meet its obligations under the franchise agreement.

487.    That Defendants breached their contract(s) with Plaintiff in additional respects

including, the implied covenant of good faith and fair dealing, including, but not limited

to, oversaturation of the market.

488.    That as a direct and proximate result of the breach of Defendants as aforesaid,

Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff pray judgment against Defendants,

and each of them, in a sum that is fair and reasonable in excess of $25,000.00, his costs herein

expended, and for such other relief that the Court deems just and proper.

### COUNT 43: JIM GASSON, JR. & WOMEN'S HEALTH, LLC
### BREACH OF CONTRACT
### (ANNADALE-SOUTH)

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as

follows:

489.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each

and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

490.     That Plaintiffs and Defendant, Curves International, Inc., entered into a written

franchise agreement(s) concerning the operation of his location(s).

491.     That pursuant to that franchise agreement(s), Defendants agreed to provide the

following, including but not limited to:

   a.  Opening Assistance

   b.  Training;

   c.  Periodic Review;

   d.  Ongoing Support;

   e.  Maintenance;

   f.  Protected Territories; and

   g.  Advertising

492.     That Defendants have failed to meet its obligations under the franchise agreement.

493.     That Defendants breached their contract(s) with Plaintiffs in additional respects

including, the implied covenant of good faith and fair dealing, including, but not limited

to, oversaturation of the market.

494.     That as a direct and proximate result of the breach of Defendants as aforesaid,

Plaintiffs sustained damage.

   WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants,

and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein

expended, and for such other relief that the Court deems just and proper.

COUNT 44: JIM GASSON, JR.
BREACH OF CONTRACT

(ANNADALE)

COMES NOW, Plaintiff and for his cause of action against Defendants, states as follows:

495.    Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

496.    That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of his location(s).

497.    That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

   a.  Opening Assistance

   b.  Training;

   c.  Periodic Review;

   d.  Ongoing Support;

   e.  Maintenance;

   f.  Protected Territories; and

   g.  Advertising

498.    That Defendants have failed to meet its obligations under the franchise agreement.

499.    That Defendants breached their contract(s) with Plaintiff in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

500.    That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, his costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 45: ANN GUZDIAL & JOHN MCINTOSH</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

501.    Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

502.    That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

503.    That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance;

    f.   Protected Territories; and

    g.   Advertising

504.    That Defendants have failed to meet its obligations under the franchise agreement.

505.    That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

506.    That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

## COUNT 46: DEEDRA HASELHUHN & DAVID HASELHUHN
## BREACH OF CONTRACT

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

507.    Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

508.    That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

509.    That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

   a.   Opening Assistance

   b.   Training;

   c.   Periodic Review;

   d.   Ongoing Support;

   e.   Maintenance;

  f. Protected Territories; and

  g. Advertising

510.  That Defendants have failed to meet its obligations under the franchise agreement.

511.  That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

512.  That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

  WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

## COUNT 47: SURFSIDE FITNESS, LLC, JOHN HEPPE, & KATHLEEN TOMANN-HEPPE BREACH OF CONTRACT

  COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

513.  Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

514.  That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

515.  That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

  a. Opening Assistance

  b. Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance;

    f.   Protected Territories; and

    g.   Advertising

516.    That Defendants have failed to meet its obligations under the franchise agreement.

517.    That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

518.    That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

## COUNT 48: DAWN HOLLENBECK & JONATHAN HOLLENBECK
## BREACH OF CONTRACT

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

519.    Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

520.    That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

521.     That pursuant to that franchise agreement(s), Defendants agreed to provide the

following, including but not limited to:

    a.  Opening Assistance

    b.  Training;

    c.  Periodic Review;

    d.  Ongoing Support;

    e.  Maintenance;

    f.  Protected Territories; and

    g.  Advertising

522.     That Defendants have failed to meet its obligations under the franchise agreement.

523.     That Defendants breached their contract(s) with Plaintiffs in additional respects

including, the implied covenant of good faith and fair dealing, including, but not limited

to, oversaturation of the market.

524.     That as a direct and proximate result of the breach of Defendants as aforesaid,

Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants,

and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein

expended, and for such other relief that the Court deems just and proper.

## COUNT 49: GILPIN AVENUE FITNESS, INC., JULIANNE DUGAN, & LAURA JOHNSON
## BREACH OF CONTRACT
## (WILMINGTON)

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as

follows:

525.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

526.     That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

527.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.  Opening Assistance

    b.  Training;

    c.  Periodic Review;

    d.  Ongoing Support;

    e.  Maintenance;

    f.  Protected Territories; and

    g.  Advertising

528.     That Defendants have failed to meet its obligations under the franchise agreement.

529.     That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

530.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 50: GILPIN AVENUE FITNESS, INC., JULIANNE DUGAN, & LAURA JOHNSON<br>BREACH OF CONTRACT</u>

<u>(TALLEYVILLE)</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

531.    Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

532.    That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

533.    That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.  Opening Assistance

    b.  Training;

    c.  Periodic Review;

    d.  Ongoing Support;

    e.  Maintenance;

    f.  Protected Territories; and

    g.  Advertising

534.    That Defendants have failed to meet its obligations under the franchise agreement.

535.    That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

536.    That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 51: BONNILEE JONES<br>BREACH OF CONTRACT

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

537.     Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

538.     That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

539.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

   a.   Opening Assistance

   b.   Training;

   c.   Periodic Review;

   d.   Ongoing Support;

   e.   Maintenance;

   f.   Protected Territories; and

   g.   Advertising

540.     That Defendants have failed to meet its obligations under the franchise agreement.

541.     That Defendants breached their contract(s) with Plaintiff in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

542.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, her costs herein expended, and for such other relief that the Court deems just and proper.

## COUNT 52: SPRING KAMP & SPRING KAMP, LLC
## BREACH OF CONTRACT

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

543.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

544.     That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

545.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

   a.   Opening Assistance

   b.   Training;

   c.   Periodic Review;

   d.   Ongoing Support;

   e.   Maintenance;

   f.   Protected Territories; and

   g.   Advertising

546.     That Defendants have failed to meet its obligations under the franchise agreement.

547.     That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

548.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 53: RUTH KIEFFER
BREACH OF CONTRACT

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

549.     Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

550.     That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

551.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

a.   Opening Assistance

b.   Training;

c.   Periodic Review;

d.   Ongoing Support;

e.   Maintenance;

f.   Protected Territories; and

g.  Advertising

552.     That Defendants have failed to meet its obligations under the franchise agreement.

553.     That Defendants breached their contract(s) with Plaintiff in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

554.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, her costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 54: B'KLYN HOT FITNESS, INC.  & STACEY KOPITA</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

555.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

556.     That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

557.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

a.  Opening Assistance

b.  Training;

c.  Periodic Review;

    d.  Ongoing Support;

    e.  Maintenance;

    f.  Protected Territories; and

    g.  Advertising

558.      That Defendants have failed to meet its obligations under the franchise agreement.

559.      That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

560.      That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

## COUNT 55: KATHLEEN LOEFFLER, JACLYNN LOEFFLER, & J&K HEALTH, LLC BREACH OF CONTRACT

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

561.      Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

562.      That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

563.      That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

a. Opening Assistance

b. Training;

c. Periodic Review;

d. Ongoing Support;

e. Maintenance;

f. Protected Territories; and

g. Advertising

564.     That Defendants have failed to meet its obligations under the franchise agreement.

565.     That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

566.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 56: KATHLEEN LOEFFLER, JACLYNN LOEFFLER, & J&K HEALTH, LLC
VIOLATION OF THE TEXAS BUSINESS OPPORTUNITIES ACT</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants states as follows:

567.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of the Petition for Damages.

568.     The Texas Business Opportunities Act §51.001 through §51.302, govern the offer or sale of business opportunities in the State of Texas.

569.     That under Texas Business Opportunities Act §51.003, the sale of a franchise

defined by 16 C.F.R. Part 436 is considered a business opportunity and covered as such

under the Texas Business Opportunities Act if the franchisor failed to comply in all

material respects in the State of Texas with 16 C.F.R. Part 436 and each order or other

action of the Federal Trade Commission.

570.     That the Defendants, the franchisor, in fact, failed to comply in several material

respects in the State of Texas with 16 C.F.R. Part 436 and other actions of the Federal

Trade Commission as highlighted in the above referenced paragraphs.

571.     That the Texas Business Opportunities Act §51.004 requires liberal interpretation

and application in order to protect persons against false, misleading, or deceptive

practices in the sale of a business opportunity and efficient and economical procedures

to secure that protection.

572.     That the Texas Business Opportunities Act §51.004 additionally requires, to the

extent possible, the Court follow the interpretations given by the Federal Trade

Commission and the Federal courts to Section 5(a)(1), Federal Trade Commission Act

(15 U.S.C. Section 45 (a)(1)), and 16 C.F.R. Part 436 and their subsequent amendments.

573.     Defendants violated the Texas Business Opportunities Act §51.301(1) by, in

connection with the offer and sale of a franchise to Plaintiffs, employing a

representation, device, scheme or artifice to deceive a purchaser/the Plaintiffs.

574.     Defendants violated the Texas Business Opportunities Act §51.301(2) by, in

connection with the offer and sale of a franchise to Plaintiffs, making untrue statements

of material fact or omitting to state a material fact in connection with the documents and

information required to be provided to the Plaintiffs.

575.    Defendants violated the Texas Business Opportunities Act §51.301(3) by, in connection with the offer and sale of a franchise to Plaintiffs, representing that the business opportunity provides or will provide income or earning potential.

576.    Defendants violated the Texas Business Opportunities Act §51.301(4) by, in connection with the offer and sale of a franchise to Plaintiffs, making claims or representations that are inconsistent with the information required to be disclosed.

577.    Defendants failed to comply in all material respects in the State of Texas with the disclosure requirements and prohibitions concerning franchising in the FTC regulations applicable to the franchisor.

578.    Defendants concealed, withheld from discovery and suppressed the facts giving rise to the aforesaid claim.

579.    That the conduct of Defendants as aforesaid was intentional and deliberate.

580.    That as a result of the aforesaid conduct of the Defendants, Plaintiffs sustained economic damages and mental anguish.

581.    Pursuant to the Business Opportunities Act §51.302, Plaintiffs are entitled to recover up to three times the amount of damages for mental anguish and economic damages along with reasonable and necessary attorneys' fees and Court costs.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

## COUNT 57: KATHLEEN LOEFFLER, JACLYNN LOEFFLER, & J&K HEALTH, LLC VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT

COMES NOW, Plaintiffs and for their cause of action against Defendants states as follows:

582.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of the Petition for Damages.

583.     The Texas Deceptive Trade Practices-Consumer Protection Act §17.41 through §17.63, is intended to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection.

584.     That the Texas Deceptive Trade Practices-Consumer Protection Act §17.44 requires liberal interpretation and application to promotes its underlying purposes.

585.     That Plaintiffs are a "consumer" and/or "business consumer" within the meaning of §§17.45(4) and (10) of the Texas Deceptive Trade Practices-Consumer Protection Act.

586.     That Defendants are "persons" as defined by §17.45(3) of the Texas Deceptive Trade Practices-Consumer Protection Act.

587.     The sale of franchises at issue in this case constitute "trade" and "commerce" within the meaning of §17.45(6) of the Texas Deceptive Trade Practices-Consumer Protection Act.

588.     That the Texas Deceptive Trade Practices-Consumer Protection Act §17.45(5) defines "unconscionable action or course of action" as an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree.

589.     That the actions of Defendants, as fully set forth above, are unconscionable actions or courses of actions.

590.     The actions of Defendants, as fully set forth above, constitute false, misleading, or deceptive acts or practices in the conduct of any trade or commerce and are unlawful. (§17.46 of the Texas Deceptive Trade Practices-Consumer Protection Act.)

591.     Specifically, Defendants used advertised goods or services with the intent not to sell them as advertised in violation of the Texas Deceptive Trade Practices-Consumer Protection Act §17.46(b)(9).

592.     Specifically, Defendants failed to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed in violation of the Texas Deceptive Trade Practices-Consumer Protection Act §17.46(b)(24).

593.     Defendants concealed, withheld from discovery and suppressed the facts giving rise to the aforesaid claim.

594.     That the conduct of Defendants as aforesaid was intentional and deliberate.

595.     That as a result of the aforesaid actions and courses of action of the Defendants, Plaintiffs sustained economic damages and mental anguish.

596.     Pursuant to the Texas Deceptive Trade Practices-Consumer Protection Act §17.50, Plaintiffs are entitled to recover up to three times the amount of damages for mental anguish and economic damages along with reasonable and necessary attorneys' fees and Court costs.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 58: JOHN MATUSIN</u>
<u>BREACH OF CONTRACT</u>
<u>(CENTER)</u>

COMES NOW, Plaintiff and for his cause of action against Defendants, states as follows:

597.    Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

598.    That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of his location(s).

599.    That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.  Opening Assistance

    b.  Training;

    c.  Periodic Review;

    d.  Ongoing Support;

    e.  Maintenance;

    f.  Protected Territories; and

    g.  Advertising

600.    That Defendants have failed to meet its obligations under the franchise agreement.

601.    That Defendants breached their contract(s) with Plaintiff in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

602.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, his costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 59: JOHN MATUSIN</u>
<u>BREACH OF CONTRACT</u>
<u>(HOPEWELL TOWNSHIP)</u>

COMES NOW, Plaintiff and for his cause of action against Defendants, states as follows:

603.     Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

604.     That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of his location(s).

605.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

   a.   Opening Assistance

   b.   Training;

   c.   Periodic Review;

   d.   Ongoing Support;

   e.   Maintenance;

   f.   Protected Territories; and

   g.   Advertising

606.     That Defendants have failed to meet its obligations under the franchise agreement.

607.     That Defendants breached their contract(s) with Plaintiff in additional respects
including, the implied covenant of good faith and fair dealing, including, but not limited
to, oversaturation of the market.

608.     That as a direct and proximate result of the breach of Defendants as aforesaid,
Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants,
and each of them, in a sum that is fair and reasonable in excess of $25,000.00, his costs herein
expended, and for such other relief that the Court deems just and proper.

<u>COUNT 60: JUDITH MCCRARY</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

609.     Plaintiff realleges and incorporates by reference as a fully set forth herein of each
and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

610.     That Plaintiff and Defendant, Curves International, Inc., entered into a written
franchise agreement(s) concerning the operation of her location(s).

611.     That pursuant to that franchise agreement(s), Defendants agreed to provide the
following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance;

    f.   Protected Territories; and

g.  Advertising

612.     That Defendants have failed to meet its obligations under the franchise agreement.

613.     That Defendants breached their contract(s) with Plaintiff in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

614.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, her costs herein expended, and for such other relief that the Court deems just and proper.

## COUNT 61: BEVERLY MCDONALD & FRESHSTART FITNESS, LLC
## BREACH OF CONTRACT

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

615.     Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

616.     That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

617.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

a.  Opening Assistance

b.  Training;

c.  Periodic Review;

d.  Ongoing Support;

     e.   Maintenance;

     f.   Protected Territories; and

     g.   Advertising

618.     That Defendants have failed to meet its obligations under the franchise agreement.

619.     That Defendants breached their contract(s) with Plaintiff in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

620.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, her costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 62: SEO GROUP, LLC</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

621.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

622.     That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

623.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

     a.   Opening Assistance

     b.   Training;

     c.   Periodic Review;

     d.   Ongoing Support;

     e.   Maintenance;

     f.   Protected Territories; and

     g.   Advertising

624.     That Defendants have failed to meet its obligations under the franchise agreement.

625.     That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

626.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 63: ANA OGLE</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

627.     Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

628.     That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

629.    That pursuant to that franchise agreement(s), Defendants agreed to provide the

following, including but not limited to:

   a.  Opening Assistance

   b.  Training;

   c.  Periodic Review;

   d.  Ongoing Support;

   e.  Maintenance;

   f.  Protected Territories; and

   g.  Advertising

630.    That Defendants have failed to meet its obligations under the franchise agreement.

631.    That Defendants breached their contract(s) with Plaintiff in additional respects

including, the implied covenant of good faith and fair dealing, including, but not limited

to, oversaturation of the market.

632.    That as a direct and proximate result of the breach of Defendants as aforesaid,

Plaintiff sustained damage.

   WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants,

and each of them, in a sum that is fair and reasonable in excess of $25,000.00, her costs herein

expended, and for such other relief that the Court deems just and proper.

<u>COUNT 64: TRICIA PETRINOVICH & STEPHEN PETRINOVICH</u>
<u>BREACH OF CONTRACT</u>

   COMES NOW, Plaintiffs and for their cause of action against Defendants, states as

follows:

633.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

634.     That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

635.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.  Opening Assistance

    b.  Training;

    c.  Periodic Review;

    d.  Ongoing Support;

    e.  Maintenance;

    f.  Protected Territories; and

    g.  Advertising

636.     That Defendants have failed to meet its obligations under the franchise agreement.

637.     That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

638.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 65: CATHERINE PIERATT & FITNESS QUEENS, LLC
BREACH OF CONTRACT

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

639.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

640.     That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

641.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance;

    f.   Protected Territories; and

    g.   Advertising

642.     That Defendants have failed to meet its obligations under the franchise agreement.

643.     That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

644.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 66: CATHERINE PIERATT & FITNESS QUEENS, LLC<br/>VIOLATION OF THE TEXAS BUSINESS OPPORTUNITIES ACT

COMES NOW, Plaintiffs and for their cause of action against Defendants states as follows:

645.    Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of the Petition for Damages.

646.    The Texas Business Opportunities Act §51.001 through §51.302, govern the offer or sale of business opportunities in the State of Texas.

647.    That under Texas Business Opportunities Act §51.003, the sale of a franchise defined by 16 C.F.R. Part 436 is considered a business opportunity and covered as such under the Texas Business Opportunities Act if the franchisor failed to comply in all material respects in the State of Texas with 16 C.F.R. Part 436 and each order or other action of the Federal Trade Commission.

648.    That the Defendants, the franchisor, in fact, failed to comply in several material respects in the State of Texas with 16 C.F.R. Part 436 and other actions of the Federal Trade Commission as highlighted in the above referenced paragraphs.

649.    That the Texas Business Opportunities Act §51.004 requires liberal interpretation and application in order to protect persons against false, misleading, or deceptive practices in the sale of a business opportunity and efficient and economical procedures to secure that protection.

650.    That the Texas Business Opportunities Act §51.004 additionally requires, to the extent possible, the Court follow the interpretations given by the Federal Trade Commission and the Federal courts to Section 5(a)(1), Federal Trade Commission Act (15 U.S.C. Section 45 (a)(1)), and 16 C.F.R. Part 436 and their subsequent amendments.

651.    Defendants violated the Texas Business Opportunities Act §51.301(1) by, in connection with the offer and sale of a franchise to Plaintiffs, employing a representation, device, scheme or artifice to deceive a purchaser/the Plaintiffs.

652.    Defendants violated the Texas Business Opportunities Act §51.301(2) by, in connection with the offer and sale of a franchise to Plaintiffs, making untrue statements of material fact or omitting to state a material fact in connection with the documents and information required to be provided to the Plaintiffs.

653.    Defendants violated the Texas Business Opportunities Act §51.301(3) by, in connection with the offer and sale of a franchise to Plaintiffs, representing that the business opportunity provides or will provide income or earning potential.

654.    Defendants violated the Texas Business Opportunities Act §51.301(4) by, in connection with the offer and sale of a franchise to Plaintiffs, making claims or representations that are inconsistent with the information required to be disclosed.

655.    Defendants failed to comply in all material respects in the State of Texas with the disclosure requirements and prohibitions concerning franchising in the FTC regulations applicable to the franchisor.

656.    Defendants concealed, withheld from discovery and suppressed the facts giving rise to the aforesaid claim.

657.    That the conduct of Defendants as aforesaid was intentional and deliberate.

658.     That as a result of the aforesaid conduct of the Defendants, Plaintiffs sustained economic damages and mental anguish.

659.     Pursuant to the Business Opportunities Act §51.302, Plaintiffs are entitled to recover up to three times the amount of damages for mental anguish and economic damages along with reasonable and necessary attorneys' fees and Court costs.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 67: CATHERINE PIERATT & FITNESS QUEENS, LLC
VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES-CONSUMER
PROTECTION ACT</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants states as follows:

660.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of the Petition for Damages.

661.     The Texas Deceptive Trade Practices-Consumer Protection Act §17.41 through §17.63, is intended to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection.

662.     That the Texas Deceptive Trade Practices-Consumer Protection Act §17.44 requires liberal interpretation and application to promotes its underlying purposes.

663.     That Plaintiffs are a "consumer" and/or "business consumer" within the meaning of §§17.45(4) and (10) of the Texas Deceptive Trade Practices-Consumer Protection Act.

664.     That Defendants are "persons" as defined by §17.45(3) of the Texas Deceptive Trade Practices-Consumer Protection Act.

665.     The sale of franchises at issue in this case constitute "trade" and "commerce" within the meaning of §17.45(6) of the Texas Deceptive Trade Practices-Consumer Protection Act.

666.     That the Texas Deceptive Trade Practices-Consumer Protection Act §17.45(5) defines "unconscionable action or course of action" as an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree.

667.     That the actions of Defendants, as fully set forth above, are unconscionable actions or courses of actions.

668.     The actions of Defendants, as fully set forth above, constitute false, misleading, or deceptive acts or practices in the conduct of any trade or commerce and are unlawful. (§17.46 of the Texas Deceptive Trade Practices-Consumer Protection Act.)

669.     Specifically, Defendants used advertised goods or services with the intent not to sell them as advertised in violation of the Texas Deceptive Trade Practices-Consumer Protection Act §17.46(b)(9).

670.     Specifically, Defendants failed to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed in violation of the Texas Deceptive Trade Practices-Consumer Protection Act §17.46(b)(24).

671.     Defendants concealed, withheld from discovery and suppressed the facts giving rise to the aforesaid claim.

672.     That the conduct of Defendants as aforesaid was intentional and deliberate.

673.     That as a result of the aforesaid actions and courses of action of the Defendants, Plaintiffs sustained economic damages and mental anguish.

674.     Pursuant to the Texas Deceptive Trade Practices-Consumer Protection Act §17.50, Plaintiffs are entitled to recover up to three times the amount of damages for mental anguish and economic damages along with reasonable and necessary attorneys' fees and Court costs.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 68: STEVEN PRICE, HELEN PRICE, & SH PRICE, INC.</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

675.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

676.     That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

677.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

   a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance;

    f.   Protected Territories; and

    g.   Advertising

678.    That Defendants have failed to meet its obligations under the franchise agreement.

679.    That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

680.    That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 69: KEEPING YOU FIT, INC. & SHELLEN RAGAN</u>
<u>BREACH OF CONTRACT</u>
<u>(FARGO-NORTH)</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

681.    Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

682.    That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

683.     That pursuant to that franchise agreement(s), Defendants agreed to provide the

following, including but not limited to:

   a.  Opening Assistance

   b.  Training;

   c.  Periodic Review;

   d.  Ongoing Support;

   e.  Maintenance;

   f.  Protected Territories; and

   g.  Advertising

684.     That Defendants have failed to meet its obligations under the franchise agreement.

685.     That Defendants breached their contract(s) with Plaintiffs in additional respects

including, the implied covenant of good faith and fair dealing, including, but not limited

to, oversaturation of the market.

686.     That as a direct and proximate result of the breach of Defendants as aforesaid,

Plaintiffs sustained damage.

   WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants,

and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein

expended, and for such other relief that the Court deems just and proper.

<u>COUNT 70: KEEPING YOU FIT, INC. & SHELLEN RAGAN</u>
<u>BREACH OF CONTRACT</u>
<u>(WEST FARGO)</u>

   COMES NOW, Plaintiffs and for their cause of action against Defendants, states as

follows:

687.    Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

688.    That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

689.    That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

   a.  Opening Assistance

   b.  Training;

   c.  Periodic Review;

   d.  Ongoing Support;

   e.  Maintenance;

   f.  Protected Territories; and

   g.  Advertising

690.    That Defendants have failed to meet its obligations under the franchise agreement.

691.    That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

692.    That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

   WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

## COUNT 71: KEEPING YOU FIT, INC. & SHELLEN RAGAN
## BREACH OF CONTRACT

<u>(FARGO-SOUTH)</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

693.    Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

694.    That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

695.    That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.  Opening Assistance

    b.  Training;

    c.  Periodic Review;

    d.  Ongoing Support;

    e.  Maintenance;

    f.  Protected Territories; and

    g.  Advertising

696.    That Defendants have failed to meet its obligations under the franchise agreement.

697.    That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

698.    That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 72: KEEPING YOU FIT, INC. & SHELLENE RAGAN
VIOLATION OF THE TEXAS BUSINESS OPPORTUNITIES ACT
(FARGO-SOUTH)</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants states as follows:

699.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of the Petition for Damages.

700.     The Texas Business Opportunities Act §51.001 through §51.302, govern the offer or sale of business opportunities in the State of Texas.

701.     That under Texas Business Opportunities Act §51.003, the sale of a franchise defined by 16 C.F.R. Part 436 is considered a business opportunity and covered as such under the Texas Business Opportunities Act if the franchisor failed to comply in all material respects in the State of Texas with 16 C.F.R. Part 436 and each order or other action of the Federal Trade Commission.

702.     That the Defendants, the franchisor, in fact, failed to comply in several material respects in the State of Texas with 16 C.F.R. Part 436 and other actions of the Federal Trade Commission as highlighted in the above referenced paragraphs.

703.     That the Texas Business Opportunities Act §51.004 requires liberal interpretation and application in order to protect persons against false, misleading, or deceptive practices in the sale of a business opportunity and efficient and economical procedures to secure that protection.

704.    That the Texas Business Opportunities Act §51.004 additionally requires, to the extent possible, the Court follow the interpretations given by the Federal Trade Commission and the Federal courts to Section 5(a)(1), Federal Trade Commission Act (15 U.S.C. Section 45 (a)(1)), and 16 C.F.R. Part 436 and their subsequent amendments.

705.    Defendants violated the Texas Business Opportunities Act §51.301(1) by, in connection with the offer and sale of a franchise to Plaintiffs, employing a representation, device, scheme or artifice to deceive a purchaser/the Plaintiffs.

706.    Defendants violated the Texas Business Opportunities Act §51.301(2) by, in connection with the offer and sale of a franchise to Plaintiffs, making untrue statements of material fact or omitting to state a material fact in connection with the documents and information required to be provided to the Plaintiffs.

707.    Defendants violated the Texas Business Opportunities Act §51.301(3) by, in connection with the offer and sale of a franchise to Plaintiffs, representing that the business opportunity provides or will provide income or earning potential.

708.    Defendants violated the Texas Business Opportunities Act §51.301(4) by, in connection with the offer and sale of a franchise to Plaintiffs, making claims or representations that are inconsistent with the information required to be disclosed.

709.    Defendants failed to comply in all material respects in the State of Texas with the disclosure requirements and prohibitions concerning franchising in the FTC regulations applicable to the franchisor.

710.    Defendants concealed, withheld from discovery and suppressed the facts giving rise to the aforesaid claim.

711.    That the conduct of Defendants as aforesaid was intentional and deliberate.

712.     That as a result of the aforesaid conduct of the Defendants, Plaintiffs sustained

economic damages and mental anguish.

713.     Pursuant to the Business Opportunities Act §51.302, Plaintiffs are entitled to

recover up to three times the amount of damages for mental anguish and economic

damages along with reasonable and necessary attorneys' fees and Court costs.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and

each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein

expended, and for such other relief that the Court deems just and proper.

<u>COUNT 73: KEEPING YOU FIT, INC. & SHELLENE RAGAN</u>
<u>VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES-CONSUMER</u>
<u>PROTECTION ACT</u>
<u>(FARGO-SOUTH)</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants states as

follows:

714.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each

and every allegation contained in Paragraphs 1 through 164 of the Petition for Damages.

715.     The Texas Deceptive Trade Practices-Consumer Protection Act §17.41 through

§17.63, is intended to protect consumers against false, misleading, and deceptive

business practices, unconscionable actions, and breaches of warranty and to provide

efficient and economical procedures to secure such protection.

716.     That the Texas Deceptive Trade Practices-Consumer Protection Act §17.44

requires liberal interpretation and application to promotes its underlying purposes.

717.     That Plaintiffs are a "consumer" and/or "business consumer" within the meaning

of §§17.45(4) and (10) of the Texas Deceptive Trade Practices-Consumer Protection

Act.

718.    That Defendants are "persons" as defined by §17.45(3) of the Texas Deceptive Trade Practices-Consumer Protection Act.

719.    The sale of franchises at issue in this case constitute "trade" and "commerce" within the meaning of §17.45(6) of the Texas Deceptive Trade Practices-Consumer Protection Act.

720.    That the Texas Deceptive Trade Practices-Consumer Protection Act §17.45(5) defines "unconscionable action or course of action" as an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree.

721.    That the actions of Defendants, as fully set forth above, are unconscionable actions or courses of actions.

722.    The actions of Defendants, as fully set forth above, constitute false, misleading, or deceptive acts or practices in the conduct of any trade or commerce and are unlawful. (§17.46 of the Texas Deceptive Trade Practices-Consumer Protection Act.)

723.    Specifically, Defendants used advertised goods or services with the intent not to sell them as advertised in violation of the Texas Deceptive Trade Practices-Consumer Protection Act §17.46(b)(9).

724.    Specifically, Defendants failed to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed in violation of the Texas Deceptive Trade Practices-Consumer Protection Act §17.46(b)(24).

725.     Defendants concealed, withheld from discovery and suppressed the facts giving

rise to the aforesaid claim.

726.     That the conduct of Defendants as aforesaid was intentional and deliberate.

727.     That as a result of the aforesaid actions and courses of action of the Defendants,

Plaintiffs sustained economic damages and mental anguish.

728.     Pursuant to the Texas Deceptive Trade Practices-Consumer Protection Act

§17.50, Plaintiffs are entitled to recover up to three times the amount of damages for

mental anguish and economic damages along with reasonable and necessary attorneys'

fees and Court costs.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and

each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein

expended, and for such other relief that the Court deems just and proper.

<u>COUNT 74: DEBORAH ROBERTS & SMJJ, INC.</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

729.     Plaintiff realleges and incorporates by reference as a fully set forth herein of each

and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

730.     That Plaintiff and Defendant, Curves International, Inc., entered into a written

franchise agreement(s) concerning the operation of her location(s).

731.     That pursuant to that franchise agreement(s), Defendants agreed to provide the

following, including but not limited to:

a.   Opening Assistance

b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance;

    f.   Protected Territories; and

    g.   Advertising

732.      That Defendants have failed to meet its obligations under the franchise agreement.

733.      That Defendants breached their contract(s) with Plaintiff in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

734.      That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, her costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 75: GRADYNE ROSE & FAW-ROSE FITNESS, LLC</u>
<u>BREACH OF CONTRACT</u>
<u>(WILKES COUNTY-WEST)</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

735.      Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

736.      That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

737.     That pursuant to that franchise agreement(s), Defendants agreed to provide the

following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance;

    f.   Protected Territories; and

    g.   Advertising

738.     That Defendants have failed to meet its obligations under the franchise agreement.

739.     That Defendants breached their contract(s) with Plaintiffs in additional respects

including, the implied covenant of good faith and fair dealing, including, but not limited

to, oversaturation of the market.

740.     That as a direct and proximate result of the breach of Defendants as aforesaid,

Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants,

and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein

expended, and for such other relief that the Court deems just and proper.

<u>COUNT 76: GRADYNE ROSE & FAW-ROSE FITNESS, LLC</u>
<u>BREACH OF CONTRACT</u>
<u>(WILKES COUNTY-EAST)</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as

follows:

741.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

742.     That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

743.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

   a.  Opening Assistance

   b.  Training;

   c.  Periodic Review;

   d.  Ongoing Support;

   e.  Maintenance;

   f.  Protected Territories; and

   g.  Advertising

744.     That Defendants have failed to meet its obligations under the franchise agreement.

745.     That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

746.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

### COUNT 77: DAILY KAIZEN CORP & CHRISTINE SALOMON
### BREACH OF CONTRACT

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

747.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

748.     That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

749.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance;

    f.   Protected Territories; and

    g.   Advertising

750.     That Defendants have failed to meet its obligations under the franchise agreement.

751.     That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

752.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 78: KIM SAMPSON & KSG, LLC</u>
<u>BREACH OF CONTRACT</u>
<u>(GLENVILLE TOWNSHIP)</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

753.    Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

754.    That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

755.    That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

   a.  Opening Assistance

   b.  Training;

   c.  Periodic Review;

   d.  Ongoing Support;

   e.  Maintenance;

   f.  Protected Territories; and

   g.  Advertising

756.    That Defendants have failed to meet its obligations under the franchise agreement.

757.     That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

758.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 79: KIM SAMPSON & KSG, LLC</u>
<u>BREACH OF CONTRACT</u>
<u>(HALFMOON)</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

759.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

760.     That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

761.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.  Opening Assistance

    b.  Training;

    c.  Periodic Review;

    d.  Ongoing Support;

    e.  Maintenance;

     f.   Protected Territories; and

     g.   Advertising

762.     That Defendants have failed to meet its obligations under the franchise agreement.

763.     That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

764.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.


## COUNT 80: JOY SAMSON & JACQUELINE TELLES
## BREACH OF CONTRACT

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

765.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

766.     That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

767.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

     a.   Opening Assistance

      b.   Training;

      c.   Periodic Review;

      d.   Ongoing Support;

      e.   Maintenance;

      f.   Protected Territories; and

      g.   Advertising

768.     That Defendants have failed to meet its obligations under the franchise agreement.

769.     That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

770.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 81: JOY SAMSON & JACQUELINE TELLES</u>
<u>VIOLATION OF THE TEXAS BUSINESS OPPORTUNITIES ACT</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants states as follows:

771.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of the Petition for Damages.

772.     The Texas Business Opportunities Act §51.001 through §51.302, govern the offer or sale of business opportunities in the State of Texas.

773.     That under Texas Business Opportunities Act §51.003, the sale of a franchise

defined by 16 C.F.R. Part 436 is considered a business opportunity and covered as such

under the Texas Business Opportunities Act if the franchisor failed to comply in all

material respects in the State of Texas with 16 C.F.R. Part 436 and each order or other

action of the Federal Trade Commission.

774.     That the Defendants, the franchisor, in fact, failed to comply in several material

respects in the State of Texas with 16 C.F.R. Part 436 and other actions of the Federal

Trade Commission as highlighted in the above referenced paragraphs.

775.     That the Texas Business Opportunities Act §51.004 requires liberal interpretation

and application in order to protect persons against false, misleading, or deceptive

practices in the sale of a business opportunity and efficient and economical procedures

to secure that protection.

776.     That the Texas Business Opportunities Act §51.004 additionally requires, to the

extent possible, the Court follow the interpretations given by the Federal Trade

Commission and the Federal courts to Section 5(a)(1), Federal Trade Commission Act

(15 U.S.C. Section 45 (a)(1)), and 16 C.F.R. Part 436 and their subsequent amendments.

777.     Defendants violated the Texas Business Opportunities Act §51.301(1) by, in

connection with the offer and sale of a franchise to Plaintiffs, employing a

representation, device, scheme or artifice to deceive a purchaser/the Plaintiffs.

778.     Defendants violated the Texas Business Opportunities Act §51.301(2) by, in

connection with the offer and sale of a franchise to Plaintiffs, making untrue statements

of material fact or omitting to state a material fact in connection with the documents and

information required to be provided to the Plaintiffs.

779.     Defendants violated the Texas Business Opportunities Act §51.301(3) by, in connection with the offer and sale of a franchise to Plaintiffs, representing that the business opportunity provides or will provide income or earning potential.

780.     Defendants violated the Texas Business Opportunities Act §51.301(4) by, in connection with the offer and sale of a franchise to Plaintiffs, making claims or representations that are inconsistent with the information required to be disclosed.

781.     Defendants failed to comply in all material respects in the State of Texas with the disclosure requirements and prohibitions concerning franchising in the FTC regulations applicable to the franchisor.

782.     Defendants concealed, withheld from discovery and suppressed the facts giving rise to the aforesaid claim.

783.     That the conduct of Defendants as aforesaid was intentional and deliberate.

784.     That as a result of the aforesaid conduct of the Defendants, Plaintiffs sustained economic damages and mental anguish.

785.     Pursuant to the Business Opportunities Act §51.302, Plaintiffs are entitled to recover up to three times the amount of damages for mental anguish and economic damages along with reasonable and necessary attorneys' fees and Court costs.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 82: JOY SAMSON & JACQUELINE TELLES
VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES-CONSUMER
PROTECTION ACT

COMES NOW, Plaintiffs and for their cause of action against Defendants states as follows:

786.    Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of the Petition for Damages.

787.    The Texas Deceptive Trade Practices-Consumer Protection Act §17.41 through §17.63, is intended to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection.

788.    That the Texas Deceptive Trade Practices-Consumer Protection Act §17.44 requires liberal interpretation and application to promotes its underlying purposes.

789.    That Plaintiffs are a "consumer" and/or "business consumer" within the meaning of §§17.45(4) and (10) of the Texas Deceptive Trade Practices-Consumer Protection Act.

790.    That Defendants are "persons" as defined by §17.45(3) of the Texas Deceptive Trade Practices-Consumer Protection Act.

791.    The sale of franchises at issue in this case constitute "trade" and "commerce" within the meaning of §17.45(6) of the Texas Deceptive Trade Practices-Consumer Protection Act.

792.    That the Texas Deceptive Trade Practices-Consumer Protection Act §17.45(5) defines "unconscionable action or course of action" as an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree.

793.     That the actions of Defendants, as fully set forth above, are unconscionable actions or courses of actions.

794.     The actions of Defendants, as fully set forth above, constitute false, misleading, or deceptive acts or practices in the conduct of any trade or commerce and are unlawful. (§17.46 of the Texas Deceptive Trade Practices-Consumer Protection Act.)

795.     Specifically, Defendants used advertised goods or services with the intent not to sell them as advertised in violation of the Texas Deceptive Trade Practices-Consumer Protection Act §17.46(b)(9).

796.     Specifically, Defendants failed to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed in violation of the Texas Deceptive Trade Practices-Consumer Protection Act §17.46(b)(24).

797.     Defendants concealed, withheld from discovery and suppressed the facts giving rise to the aforesaid claim.

798.     That the conduct of Defendants as aforesaid was intentional and deliberate.

799.     That as a result of the aforesaid actions and courses of action of the Defendants, Plaintiffs sustained economic damages and mental anguish.

800.     Pursuant to the Texas Deceptive Trade Practices-Consumer Protection Act §17.50, Plaintiffs are entitled to recover up to three times the amount of damages for mental anguish and economic damages along with reasonable and necessary attorneys' fees and Court costs.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

## COUNT 83: JTS ENTERPRISE, LLC, TRACY SINCLAIR, & JEROME SINCLAIR BREACH OF CONTRACT

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

801.    Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

802.    That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

803.    That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.  Opening Assistance

    b.  Training;

    c.  Periodic Review;

    d.  Ongoing Support;

    e.  Maintenance;

    f.  Protected Territories; and

    g.  Advertising

804.    That Defendants have failed to meet its obligations under the franchise agreement.

805.     That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

806.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 84: SCOTT SINGLETON & LISA SINGLETON</u>
<u>BREACH OF CONTRACT</u>
<u>(HAMPSTEAD)</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

807.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

808.     That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

809.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance;

    f.   Protected Territories; and

    g.   Advertising

810.     That Defendants have failed to meet its obligations under the franchise agreement.

811.     That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

812.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 85: SCOTT SINGLETON & LISA SINGLETON</u>
<u>BREACH OF CONTRACT</u>
<u>(MANCHESTER)</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

813.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

814.     That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

815.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

     c.   Periodic Review;

     d.   Ongoing Support;

     e.   Maintenance;

     f.   Protected Territories; and

     g.   Advertising

816.     That Defendants have failed to meet its obligations under the franchise agreement.

817.     That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

818.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 86: DEBORAH SPALVINS</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

819.     Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

820.     That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

821.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a. Opening Assistance

    b. Training;

    c. Periodic Review;

    d. Ongoing Support;

    e. Maintenance;

    f. Protected Territories; and

    g. Advertising

822.    That Defendants have failed to meet its obligations under the franchise agreement.

823.    That Defendants breached their contract(s) with Plaintiff in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

824.    That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, her costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 87: STACY VANO</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

825.    Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

826.    That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

827.    That pursuant to that franchise agreement(s), Defendants agreed to provide the

following, including but not limited to:

    a.  Opening Assistance

    b.  Training;

    c.  Periodic Review;

    d.  Ongoing Support;

    e.  Maintenance;

    f.  Protected Territories; and

    g.  Advertising

828.    That Defendants have failed to meet its obligations under the franchise agreement.

829.    That Defendants breached their contract(s) with Plaintiff in additional respects

including, the implied covenant of good faith and fair dealing, including, but not limited

to, oversaturation of the market.

830.    That as a direct and proximate result of the breach of Defendants as aforesaid,

Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants,

and each of them, in a sum that is fair and reasonable in excess of $25,000.00, her costs herein

expended, and for such other relief that the Court deems just and proper.

<u>COUNT 88: STACY VANO</u>
<u>VIOLATION OF THE TEXAS BUSINESS OPPORTUNITIES ACT</u>

COMES NOW, Plaintiff and for her cause of action against Defendants states as follows:

831.    Plaintiff realleges and incorporates by reference as a fully set forth herein of each

and every allegation contained in Paragraphs 1 through 164 of the Petition for Damages.

832.     The Texas Business Opportunities Act §51.001 through §51.302, govern the offer

or sale of business opportunities in the State of Texas.

833.     That under Texas Business Opportunities Act §51.003, the sale of a franchise

defined by 16 C.F.R. Part 436 is considered a business opportunity and covered as such

under the Texas Business Opportunities Act if the franchisor failed to comply in all

material respects in the State of Texas with 16 C.F.R. Part 436 and each order or other

action of the Federal Trade Commission.

834.     That the Defendants, the franchisor, in fact, failed to comply in several material

respects in the State of Texas with 16 C.F.R. Part 436 and other actions of the Federal

Trade Commission as highlighted in the above referenced paragraphs.

835.     That the Texas Business Opportunities Act §51.004 requires liberal interpretation

and application in order to protect persons against false, misleading, or deceptive

practices in the sale of a business opportunity and efficient and economical procedures

to secure that protection.

836.     That the Texas Business Opportunities Act §51.004 additionally requires, to the

extent possible, the Court follow the interpretations given by the Federal Trade

Commission and the Federal courts to Section 5(a)(1), Federal Trade Commission Act

(15 U.S.C. Section 45 (a)(1)), and 16 C.F.R. Part 436 and their subsequent amendments.

837.     Defendants violated the Texas Business Opportunities Act §51.301(1) by, in

connection with the offer and sale of a franchise to Plaintiff, employing a representation,

device, scheme or artifice to deceive a purchaser/the Plaintiff.

838.     Defendants violated the Texas Business Opportunities Act §51.301(2) by, in

connection with the offer and sale of a franchise to Plaintiff, making untrue statements

of material fact or omitting to state a material fact in connection with the documents and information required to be provided to the Plaintiff.

839.     Defendants violated the Texas Business Opportunities Act §51.301(3) by, in connection with the offer and sale of a franchise to Plaintiff, representing that the business opportunity provides or will provide income or earning potential.

840.     Defendants violated the Texas Business Opportunities Act §51.301(4) by, in connection with the offer and sale of a franchise to Plaintiff, making claims or representations that are inconsistent with the information required to be disclosed.

841.     Defendants failed to comply in all material respects in the State of Texas with the disclosure requirements and prohibitions concerning franchising in the FTC regulations applicable to the franchisor.

842.     Defendants concealed, withheld from discovery and suppressed the facts giving rise to the aforesaid claim.

843.     That the conduct of Defendants as aforesaid was intentional and deliberate.

844.     That as a result of the aforesaid conduct of the Defendants, Plaintiff sustained economic damages and mental anguish.

845.     Pursuant to the Business Opportunities Act §51.302, Plaintiff is entitled to recover up to three times the amount of damages for mental anguish and economic damages along with reasonable and necessary attorneys' fees and Court costs.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, her costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 89: STACY VANO</u>

## VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT

COMES NOW, Plaintiff and for her cause of action against Defendants states as follows:

846.     Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of the Petition for Damages.

847.     The Texas Deceptive Trade Practices-Consumer Protection Act §17.41 through §17.63, is intended to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection.

848.     That the Texas Deceptive Trade Practices-Consumer Protection Act §17.44 requires liberal interpretation and application to promotes its underlying purposes.

849.     That Plaintiff is a "consumer" and/or "business consumer" within the meaning of §§17.45(4) and (10) of the Texas Deceptive Trade Practices-Consumer Protection Act.

850.     That Defendants are "persons" as defined by §17.45(3) of the Texas Deceptive Trade Practices-Consumer Protection Act.

851.     The sale of franchises at issue in this case constitute "trade" and "commerce" within the meaning of §17.45(6) of the Texas Deceptive Trade Practices-Consumer Protection Act.

852.     That the Texas Deceptive Trade Practices-Consumer Protection Act §17.45(5) defines "unconscionable action or course of action" as an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree.

853.     That the actions of Defendants, as fully set forth above, are unconscionable actions or courses of actions.

854.     The actions of Defendants, as fully set forth above, constitute false, misleading, or deceptive acts or practices in the conduct of any trade or commerce and are unlawful. (§17.46 of the Texas Deceptive Trade Practices-Consumer Protection Act.)

855.     Specifically, Defendants used advertised goods or services with the intent not to sell them as advertised in violation of the Texas Deceptive Trade Practices-Consumer Protection Act §17.46(b)(9).

856.     Specifically, Defendants failed to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed in violation of the Texas Deceptive Trade Practices-Consumer Protection Act §17.46(b)(24).

857.     Defendants concealed, withheld from discovery and suppressed the facts giving rise to the aforesaid claim.

858.     That the conduct of Defendants as aforesaid was intentional and deliberate.

859.     That as a result of the aforesaid actions and courses of action of the Defendants, Plaintiff sustained economic damages and mental anguish.

860.     Pursuant to the Texas Deceptive Trade Practices-Consumer Protection Act §17.50, Plaintiff is entitled to recover up to three times the amount of damages for mental anguish and economic damages along with reasonable and necessary attorneys' fees and Court costs.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, her costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 90: RITA VISKUP & JOHN VISKUP
BREACH OF CONTRACT
(BLUEFIELD)

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

861.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

862.     That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

863.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

        a.  Opening Assistance

        b.  Training;

        c.  Periodic Review;

        d.  Ongoing Support;

        e.  Maintenance;

        f.  Protected Territories; and

        g.  Advertising

864.     That Defendants have failed to meet its obligations under the franchise agreement.

865.     That Defendants breached their contract(s) with Plaintiffs in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

866.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 91: RITA VISKUP & JOHN VISKUP<br>BREACH OF CONTRACT<br>(PRINCETON)

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as follows:

867.     Plaintiffs reallege and incorporate by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

868.     That Plaintiffs and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

869.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

a.   Opening Assistance

b.   Training;

c.   Periodic Review;

d.   Ongoing Support;

e.   Maintenance;

f.   Protected Territories; and

g.   Advertising

870.     That Defendants have failed to meet its obligations under the franchise agreement.

871.     That Defendants breached their contract(s) with Plaintiffs in additional respects

including, the implied covenant of good faith and fair dealing, including, but not limited

to, oversaturation of the market.

872.     That as a direct and proximate result of the breach of Defendants as aforesaid,

Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants,

and each of them, in a sum that is fair and reasonable in excess of $25,000.00, their costs herein

expended, and for such other relief that the Court deems just and proper.


COUNT 92: MICHELLE WICKS
BREACH OF CONTRACT


COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

873.     Plaintiff realleges and incorporates by reference as a fully set forth herein of each

and every allegation contained in Paragraphs 1 through 164 of this Petition for Damages.

874.     That Plaintiff and Defendant, Curves International, Inc., entered into a written

franchise agreement(s) concerning the operation of her location(s).

875.     That pursuant to that franchise agreement(s), Defendants agreed to provide the

following, including but not limited to:

    a.  Opening Assistance

    b.  Training;

    c.  Periodic Review;

    d.  Ongoing Support;

    e.  Maintenance;

f.   Protected Territories; and

g.   Advertising

876.     That Defendants have failed to meet its obligations under the franchise agreement.

877.     That Defendants breached their contract(s) with Plaintiff in additional respects including, the implied covenant of good faith and fair dealing, including, but not limited to, oversaturation of the market.

878.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable in excess of $25,000.00, her costs herein expended, and for such other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable under the laws of the State of Texas and the United States.

Respectfully submitted,

_____/s/ Steve A. Miller_____
STEVE A. MILLER (TX. Bar #00786418)
Steve A. Miller, PC
1625 Larimer Street, No. 2905
Denver, CO 80202
Ph# 303-892-9933
Fax: 303-892-8925
Email: sampc01@gmail.com

Jonathan E. Fortman  #40319
Law Office of Jonathan E. Fortman, LLC
250 Saint Catherine Street
Florissant, MO  63031
(314) 522-2312
(314) 524-1519  Fax
jef@fortmanlaw.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing has been served upon all parties via the Court's electronic filing system.

_____ /s/ Steve A. Miller_____