UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ANNE ARMSTRONG, et al.,   ) | |
| ) | |
| Plaintiffs,   ) | |
| ) | Case Number: 6:15-cv-00294-SDD |
| -vs-   ) | |
| ) | |
| ) | |
| CURVES INTERNATIONAL, INC., et al.,   ) | |
| ) | |
| Defendants.   ) | |

**PLAINTIFFS' OBJECTIONS TO
CERTAIN OF DEFENDANT'S EXHIBITS**

Come now Plaintiffs and object to the following exhibits for the reasons states herein:

1. **Exhibits D012, D016, D021, D024, D028, D029, D034, D045, D048, D057, D067, D068, D077, D083, D084, D088, D098, D109, D113, D120, D123, D129, D131, D143, D144, D153**

Each of these exhibits consist of spreadsheets entitled "Calculations of Funds Lost Due to Curves Investment" relating to several of the Plaintiffs.  These charts were prepared by the accounting expert retained by Plaintiffs.  However, many of these charts contain financial information concerning losses prior to June 1, 1011 and the charts also contain information concerning certain income tax benefits Plaintiffs may have received as a result of losses they sustained in the operation of their Curves clubs.  Plaintiffs have filed their motion in limine seeking to exclude any evidence of any income tax benefits Plaintiffs may have received as a result of their losses.  Such benefits include the ability to use such losses to offset other income.  For the reasons set forth in Plaintiffs' motion in limine, Plaintiffs object to these exhibits.

2. **Exhibit D015**

This exhibit is a series of communications between Defendant and Plaintiff Tiffany

Collins.  Ms. Collins took over a franchise location which was originally operated by Clesta Collins, her mother-in-law.  Clesta Collins had been a plaintiff in this case but her claim was dismissed in Judge Pitman's Order of March 6, 2017.  Curves had previously accused Clesta Collins of fraud concerning her reimbursements related to a program in which insurance carriers would pay for senior citizens who visited Curves' clubs.  These communications discuss the allegations of fraud and have absolutely no relevance to the claims made by Plaintiff Tiffany Collins.  The only purpose of this exhibit is to somehow tarnish Tiffany Collins by raising unsubstantiated allegations made against her mother-in-law.  Therefore, this exhibit should not be admitted.

3. **Exhibit D022**

This exhibit consists of a single sentence taken out of Plaintiffs' Response in Opposition to Defendant's Motion for Summary Judgment.  It fails to provide the full context of Plaintiffs' arguments.  If such an exhibit is permitted, Plaintiffs should be permitted to introduce as an exhibit Defendant's Motion for Summary Judgment, Plaintiffs' entire response, and Judge Pitman's Order of March 6, 2017 in which he determined that Defendant owed certain obligations to Plaintiffs.

4. **Exhibit D099**

This exhibit consists of the 2008 income tax return of Marty and Catherine Pierratt.  Plaintiffs fail to see any relevance to this exhibit as the claims of Ms. Pieratt prior to September of 2013 were deemed to have been released pursuant to Judge Pitman's Order of March 6, 2017.

5. **Exhibits D126 and D127**

These exhibits consist of correspondence related to Plaintiff Guzdial.  The correspondence is dated December 1, 2006 and June 25, 2007 which is well outside the statute of

limitations.  These exhibits are not relevant to any issue in this case and should be excluded.

Dated: March 27, 2017

>Respectfully submitted,
>
>LAW OFFICE OF JONATHAN E. FORTMAN, LLC
>BY: _____/s/ Jonathan E. Fortman_____
>Jonathan E. Fortman #40319MO
>Attorney for Plaintiffs
>250 St. Catherine Street
>Florissant, MO  63031
>(314)522-2312
>(314)524-1519 Fax
>jef@fortmanlaw.com

A true and accurate copy of the foregoing has been served upon all parties this 27th day of March, 2017 via the Court's ECF Filing System.

>_____/s/ Jonathan E. Fortman_____