UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ANNE ARMSTRONG, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | Case No. 6:15-cv-00294-SDD |
| | ) | |
| CURVES INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

---

## DEFENDANT'S CONSOLIDATED REPLY IN SUPPORT OF ITS MOTIONS IN LIMINE OTHER THAN ECF 69

---

### I.   Introduction

The opposition to Defendant's Motions in Limine finally reveals the Plaintiffs' true intentions for trial:  Just as they avoid the substance of Defendant's motion arguments, they make clear how they intend to blur the lines between triable issues and irrelevant, inflammatory, collateral accusations.  In their responses, Plaintiffs fail to establish the admissibility of any of the evidence addressed by Defendant's Motions in Limine, which therefore should be granted.

Plaintiffs attached a consolidated Response to Defendant's Motions in Limine to their Motion to File Sealed Documents.  (ECF 96.)  Defendant is filing a separate Reply in Support of Defendant's Motion in Limine Regarding Evidence of Alleged Breaches and Damages Before June 1, 2011 (ECF 69).  This consolidated Reply supports Defendant's other Motions in Limine.

### II.   Background

Of the claims Plaintiffs originally asserted, only one set of claims has survived voluntary or involuntary dismissal.  As Plaintiffs confirmed in the Parties' Joint Pretrial Order:

> … Plaintiffs allege that Defendant Curves International, Inc. breached the franchise agreements existing between the parties by failing to provide support and advertising as required by the terms of the franchise agreement.

(Uniform Pretrial Order (ECF 89), pg. 2 of 69.)  Further, Plaintiffs stipulated to a number of crucial facts that narrowed the scope of triable issues in this case, including the following:

> 4. Testimony, exhibits, and/or other evidence regarding alleged promises made by Curves to any Plaintiff which are not reflected in Plaintiffs' franchise agreements, transfer agreements, termination agreements, release agreements, or in Curves' franchise Disclosure Documents shall be inadmissible.

(*Id.*, pg. 3 of 69.)  The opposition arguments made by Plaintiffs belie the above limitations.

## A.    Motion Regarding Speculative and Undisclosed Damages Theories (ECF 67)

**Out-of-Pocket Losses.**  This Motion observed that Plaintiffs' tax returns, standing alone, are not relevant or competent evidence sufficient to establish Plaintiffs' out-of-pocket damages claims with "reasonable certainty", especially considering Plaintiffs have disclosed no evidence of causation.  In response, Plaintiffs make no attempt to overcome the rule against hearsay, Rule 403, or other authority barring Plaintiffs from introducing their tax returns as evidence of out-of-pocket losses.  Rather, Plaintiffs offer the cursory argument that "[t]here can be no more objective data as to operating losses as that contained in income tax returns."  (ECF 96.)  *Cf. Courtland v. Walston & Co., Inc.*, 340 F. Supp. 1076, 1093 (S.D.N.Y. 1972) (losses reported on tax returns "do not provide a reasonable basis for computing damages…").  If they know of any, Plaintiffs may testify to discrete items of damage allegedly caused by Defendant, but they may not use their tax returns to support their damages claims through hearsay.  Instead of this inadmissible evidence, Plaintiffs must prove any losses through evidence that is competent, which, in this case, they have not shown the ability to do.

**Lost Profits.**  Similarly, in support of their "lost profits" claims, Plaintiffs assert that Curves International, Inc. founder Gary Heavin "basically guarantees that any franchisee who

follows the Curves' system will be successful and should make, conservatively, a net profit of $30,000 per year." (ECF 96.)  This testimony was elicited in 2016, *years* after the Plaintiffs entered their franchise agreements.  Plaintiffs have made no claim for breach of guaranty, because, as quoted in this Motion, in their franchise agreements, any guaranty or warranty is clearly and unambiguously disclaimed.  Indeed, Mr. Heavin's testimony is inadmissible parol evidence, which cannot be used to contradict the contracts' plain language.  Further, Plaintiffs do not assert fraud claims based on any false promise of $30,000 per year.  There is no allegation Mr. Heavin made such statements to any Plaintiff at any time.

Plaintiffs may only use admissible, non-speculative evidence to support their damages claims, not supposed tax "losses" and the after-the-fact testimony of Gary Heavin.  Because Plaintiffs intend to rely on such improper evidence, this Motion (ECF 67) should be granted.

**B.**    **Motion Regarding Evidence Supporting Dismissed and Unasserted Claims (ECF 68)**

Plaintiffs have responded to this Motion by stating "Plaintiffs will present no evidence of causes of action other than the breach of contract claims that are still pending."  But Plaintiffs' overall arguments demonstrate they do intend to delve into previously dismissed claims to prove the one surviving claim.  The jury does not need the promised "complete history" of Plaintiffs' relationship with Curves; the jury only needs competent evidence relevant to the narrow "services and advertising" claim.  Therefore, this Motion in Limine (ECF 68) must be granted.

**C.**    **Motion Regarding Web-Based Materials (ECF 70)**

Plaintiffs have responded by confirming they will not seek to offer any web-based materials into evidence.  Yet Plaintiffs argue the testimony of Mike Raymond and Gary Heavin somehow make the content of these web-based materials admissible.  Plaintiffs cannot sneak the

contents of inadmissible web-based materials into evidence under the guise of fact-witness testimony.  Therefore, Defendant's Motion in Limine (ECF 70) also should be granted.

**D.     Motion Regarding Closure of Curves® Clubs other than Plaintiffs' Clubs (ECF 73)**

Plaintiffs respond by arguing the closure of clubs other than their own—a decade ago in some cases—somehow supports the inference that these Plaintiffs did not receive services required by their franchise agreements.  Plaintiffs lack foundation, of course, to testify at trial that any non-Plaintiff club closed under "reasonably similar condition," and no franchisee other than the Plaintiffs in this lawsuit allege "lack of services" such as is asserted by Plaintiffs.  Other Curves® clubs may have closed for any number of reasons.  Without a showing of reasonable similarity, evidence of the closure of other clubs is misleading, confusing, and prejudicial, and, at most, would support only a speculative inference regarding Plaintiffs' claims.

Closures prior to June 1, 2011, also would be outside the statute of limitations period.

What Plaintiffs truly are trying to interject is a new, ill-conceived claim never asserted in their Amended Complaint.  (*See generally* ECF 24.)  In response to this Motion, Plaintiffs now argue that Defendant breached the franchise agreements *by letting other clubs close from 2006 on*.  Even if they had pled such a breach, Plaintiffs' franchise agreements cannot be read to have required Curves to force all other franchisees to keep their clubs open for Plaintiffs' benefit. Defendant is aware of no authority to support a franchisee claim based on closure of other clubs. This Motion in Limine (ECF 73) also should be granted to keep out this new, extraneous theory.

**E.     Motion Regarding Evidence Relating to the Sale of Curves (ECF 74)**

Rather than cite any claim or authority supporting the admissibility of the sale of Curves, Plaintiffs reveal their intention to disparage Defendant, non-party Gary Heavin, and the company

to which he sold his interests.  The fact that non-party buyer North Castle Partners[1] contemplated offering services and advertising *beyond* what was required under Plaintiffs' franchise agreements does not demonstrate Defendant breached any of Plaintiffs' franchise agreements. Indeed, the fact that Mr. Heavin sold and North Castle bought Curves has no tendency to prove any material fact in this case.

Plaintiffs' arguments reveal that their primary goal in presenting evidence relating to North Castle is to make North Castle look like a proverbial corporate raider, greedy for short term profit at the expense of franchisees.  The Federal Rules of Evidence do not allow parties to support their cases by disparagement.  This Motion in Limine (ECF 74) too should be granted.[2]

## F.    Motion Regarding Plaintiffs' Testimony Barred by Rules 701 and 702 (ECF 77)

While Plaintiffs have confirmed that "no Plaintiff will offer any testimony about other franchise systems or other franchisors", it is clear that Plaintiffs intend to offer opinions under the guise of lay-witness testimony.  No Plaintiff has any expertise sufficient to proffer opinions about what constitutes a franchise "system" or "services and benefits that Curves should have provided".  Nor do Plaintiffs possess the requisite expertise to testify whether Defendant exercised proper franchisor business judgment or whether Defendant acted reasonably.  Further, the only promises Defendant made are the unambiguous provisions contained in Plaintiffs' franchise agreements.  Plaintiffs' testimony about what "they believed they were buying" is

---

[1]  The North Castle Operating Blueprint (Plaintiffs' Exhibit No. 1) was not mentioned in Defendant's Motion in Limine (ECF 74), though the document is inadmissible for reasons explained in Defendant's Opposition to Joint Pretrial Order (ECF 89, pg. 62-63 of 69).

[2]  Plaintiffs also argue the amount of money paid to Gary Heavin for his ownership interests is somehow relevant to his credibility.  But if Mr. Heavin sold his interests for $1, Plaintiffs would be making the same arguments.  The sale price itself has no tendency to prove Curves did not provide services required by Plaintiffs' franchise agreements.  It actually tends only to support the prejudicial and irrelevant inference that Defendant can afford to pay a large judgment.

inadmissible parol evidence, contradicted by the language of the franchise agreements themselves.   Plaintiffs cannot use subjective lay-witness testimony to expand the scope of services provided by Plaintiffs' franchise agreements.   Therefore Defendant's Motion in Limine (ECF 77) should be granted.

Dated:  March 28, 2017

| | |
|---|---|
| ____/s/ Sam Hays_____ | ____/s/ Quentin R. Wittrock_____ |
| **BEARD KULTGEN BROPHY BOSTWICK & DICKSON LLP** | **GRAY, PLANT, MOOTY, MOOTY & BENNETT, P.A.** |
| Frederick deB. Bostwick III | Quentin R. Wittrock (#179061) |
| Texas Bar No. 02682500 | 500 IDS Center |
| Sam Hays | 80 South Eighth Street |
| Texas Bar No. 24074380 | Minneapolis, Minnesota  55402-3796 |
| 220 South Fourth St. | (612) 632-3000 |
| Waco, TX 76701 | (612) 632-4444 (Facsimile) |
| (254) 776-5500 | quentin.wittrock@gpmlaw.com |
| (254) 776-3591 (Facsimile) | |
| hays@thetexasfirm.com | Admitted Pro Hac Vice |
| bostwick@thetexasfirm.com | |

*Attorneys for the Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of March, 2017, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system which will send notification of such filing to

the following:

Jonathan E. Fortman
LAW OFFICE OF JONATHAN E. FORTMAN, LLC
250 Saint Catherine Street
Florissant, MO 63031
jef@fortmanlaw.com

Steve A. Miller
STEVE A. MILLER, PC
1625 Larimer Street, No. 2905
Denver, CO 80202
sampc01@gmail.com

/s/ Quentin R. Wittrock
Quentin R. Wittrock

GP:4823964 v3